## WILLIAM H. MATTHIAS *et al.*

### *v.*

## WASHINGTON E. COOK.

1. INTEREST *allowed by act of* 1845 — *forfeiture in case of usury.* The fourth section of the act of 1845, in relation to interest, prohibited the taking of a greater rate than six per cent., upon any character of contract ; and declared a forfeiture of three-fold the whole amount of interest reserved, if a higher rate should be received, or agreed to be paid.

2. SAME — *under act of* 1849. The act of 1849 so far amended the act of 1845, as to allow the reservation of interest upon contracts for *money loaned,* at the rate of ten per cent. per annum.

3. SAME — *under act of* 1857 — *forfeiture.* These provisions remained in force until the passage of the act of Jan. 31, 1857, which allowed parties to stipulate for the reservation of interest at any rate, not exceeding ten per cent. per annum, upon all contracts ; and declared a forfeiture of all the interest reserved in case a higher rate should be contracted for ; repealing all other laws which denounced a penalty for the reservation of usurious interest.

4. MONEY — *defense under act of* 1849. In an action upon a note which was given for money loaned, while the act of 1849 remained in force, where a higher rate of interest than ten per cent. was reserved, it seems the defendant may insist upon a deduction of the interest reserved or paid above ten per cent., as a defense to that extent, under the act of 1849.

5. CONTRACTS — *by what law governed.* The laws in operation at the time a contract is made, enter into, and form a part of, the contract ; and a subsequent repeal of such laws will not affect the rights and liabilities of the parties as thereby originally fixed and determined.

6.　This rule applies to laws which declare a forfeiture as between parties who enter into an usurious contract.

7.　PLEADING—*discontinuance.*　A discontinuance operates to discontinue the entire suit, and not a part only, of the cause of action ; its effect is simply to non-suit the plaintiff, leaving him at liberty to commence his action again.

8.　So where a plea purports to answer a part only of the declaration, and really does answer but part, and the plaintiff replies, the defendant, if he desire a discontinuance, should ask that the entire suit be discontinued, not merely that part of the cause of action which remains unanswered by plea.

9.　And where, in such state of the pleadings, the defendant moves to discontinue only as to that part of the declaration which is unanswered, it is not error to refuse the motion.

10.　The defendant, by rejoining and proceeding to trial, waives his right to a discontinuance ; the motion comes too late after verdict.

11.　SPLITTING A CAUSE OF ACTION.　The law will not allow two actions upon one entire demand.

WRIT OF ERROR to the Circuit Court of Marshall county ; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

This was an action of *assumpsit,* brought in the Circuit Court by Cook, the defendant in error, against Matthias, Hatton and Martin, upon a promissory note, for the sum of $300, bearing date on the 25th of November, 1856, and payable one year thereafter.

The defendants below filed two special pleas of usury, neither of the pleas answering, or purporting to answer, the whole declaration.

The plaintiff filed his replications to these pleas ; issues were formed ; and he went to trial without taking judgment as to that part of the declaration which remained unanswered.

The defendants only claimed, by their pleas, that the plaintiff had, by reason of the usurious character of the contract, forfeited the amount of interest which was thereby reserved ; but conceded that the principal of the debt could be recovered.

From the evidence given upon the trial it appeared that the note sued upon, was for borrowed money ; that only $200 was actually received by the makers, the other $100 being reserved as interest upon the amount received, for one year.

During the trial, and when Cook offered the note in evidence, the defendants below moved for a discontinuance of the action, as to that part of the declaration not answered by plea; which motion was not decided until after the jury had returned their verdict into court, when it was overruled; the defendants then entered their motion to discontinue the whole action, which motion was also overruled.

Among other instructions for the plaintiff, the Circuit Court gave the following:

6th. The court instructs the jury that there is no law under which the defendants are entitled to deduct the usurious interest claimed by them, by virtue of the contract set out in their pleas.

To all of which rulings exception was taken.

The jury returned a verdict for the plaintiff for the whole amount of the note, and interest which had accrued thereon. A motion for a new trial, and in arrest of judgment, being interposed, was overruled by the court, and judgment entered in pursuance of the verdict of the jury; and to this ruling of the court the defendants excepted; and thereupon sued out this writ of error. And now it is alleged that the Circuit Court erred in giving the sixth instruction asked by the plaintiff below; and in refusing the defendants' motion for a discontinuance.

Messrs. BANGS & SHAW, for the plaintiffs in error, contended, that the statute attaches no penalty for an usurious transaction; but merely modifies the contract; citing *Nichols* v. *Stewart et al.*, 21 Ill. 106, and *Nickerson et al.* v. *Babcock*, 23 Ill. 561. The court below misconstrued the statutes in relation to usury.

2. The motion for discontinuance should have been sustained, upon the authority of *Wornen* v. *Newsen*, 3 Scam. R. 38.

Messrs. GLOVER, COOK & CAMPBELL, for the defendant in error.

1.  As the law was at the time the note was given, November, 1856, the plaintiff below would have forfeited three-fold the amount of the whole interest reserved. Rev. Stat. 1845, 295, sec. 4.

By the fourth section of the act of January 31, 1857, all laws providing penalties for taking or contracting for more than the legal rate of interest, were repealed.

The note in question, having been executed prior to the passage of the act of 1857, is not governed by its provisions, which declare a forfeiture of the entire interest reserved; nor is it governed by the law of 1845, the penalties of which had been repealed.

2.  The point made by plaintiff's counsel, that the suit should have been discontinued, is disposed of by the case of *Van Duzen* v. *Pomeroy,* 24 Ill. 289.

Mr. JUSTICE WALKER delivered the opinion of the Court.

When this note was executed, the act of 1849, in relation to interest, was in force. The first section of that act authorized the loan of money, at a rate of interest not exceeding ten per cent. per annum. Sess. Laws, 98. This act repealed so much of the fifty-fourth chapter of the Revised Statutes of 1845, as prohibited the reservation of a higher rate than six per cent. interest on money loaned.

The fourth section of the act of 1845, prohibited the taking of a greater rate of interest than six per cent., and declared a forfeiture of three-fold the whole amount of interest reserved. But the act of 1849, amended this provision, so that for money loaned, ten per cent. might be reserved. These provisions remained in force until the passage of the act of 1857, (Scates' Comp. 600,) which prohibits the reservation of more than ten per cent., and declares a forfeiture of all of the interest reserved, and repeals all other laws declaring a forfeiture for a reservation of usurious interest.

This note was manifestly governed by the laws in force at the time of its execution in November, 1856, and not by the act of 1857, which was in force at the date of its maturity.

The laws in operation at the time an agreement is made, enter into, and form a part of the contract. They are as much so, as if they were fully expressed in the agreement itself. It is by the law then in force, that the rights and liabilities of the parties are fixed and determined. Those rights are vested, and the legislature, and the courts, are powerless to alter them.

It follows, that the sixth instruction, given for plaintiff, was erroneous. It declared, that there was no law under which defendants were entitled to deduct usury, claimed by them to have entered into the contract set out in the plea. It set up the usury, and only relied upon a forfeiture of the interest, and issue was joined upon it. No reason is perceived why the defendant may not insist upon a deduction of the interest reserved or paid, above ten per cent., as a defense, to that extent, under the act of 1849. This instruction should, therefore, not have been given.

It is again urged that the court erred in refusing to discontinue the plaintiff's action, on the defendant's motion. The pleas only professed to answer a part of the cause of action. They left unanswered two hundred dollars of the sum claimed. On these pleas the plaintiff below joined issue, without taking judgment for the damages unanswered by the pleas. During the progress of the trial, and when the note was offered in evidence, the defendants moved the court for a discontinuance, as to the two hundred dollars not answered by the pleas. This motion was afterwards overruled, and the jury found a verdict for the full amount of the note and interest, upon which judgment was rendered.

The rule of practice allowing a party to demand a discontinuance, is one highly technical, and not entitled to much favor at the hands of courts. Instead of promoting, it delays justice, and is not based upon reason, and should not be extended beyond the strict requirements of the rule. When a discontinuance is produced, it is because there has been a chasm or hiatus produced in the proceedings, and it operates to discontinue the entire suit, and not as to a part only, of the cause of action. In this case the first motion was to discon-

tinue the action only as to that part of action not answered by the pleas.

Had this motion have been allowed, it would have been to split an entire cause of action. A discontinuance only operates as a non-suit, and leaves the party at liberty to commence again. Had this motion been allowed, the trial would have progressed to a determination, as to the portion of the damages to which pleas had been filed, and would have left the plaintiff at liberty to maintain another action on that part of the damages for which the suit was discontinued ; thus giving two actions, on one entire demand, which the law will not allow. The defendant below was not entitled to a discontinuance of a part of the action, and that was all he asked. The motion to discontinue after the verdict of the jury was returned, came too late. The party, to avail himself of that right, must ask it before he takes any further steps in the cause, as by rejoining or proceeding to trial, etc., he waives his right to a discontinuance. The court committed no error in refusing his motions. The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*