Vider v. City of Chicago.

----

60   595
164s  354

## Olaf Vider v. City of Chicago.

1. PLEADINGS—*May be Dispensed With.*—There is no law compelling the parties to prepare and file pleadings if they are content to have their case presented and heard without them.

2. INTEREST—*Not Recoverable for Delays in the Collection of Special Assessments.*—A person entered into a contract with the city of Chicago to perform the work required for an improvement, and was to be paid out of the proceeds of a special assessment, levied or to be levied therefor, when it was collected. *It was held,* that although the city wrongfully delayed the collection of the assessment for a year, interest, as such, was not recoverable upon the sum, which such person should in good faith have been paid a year before he was.

3. SAME—*When Estopped from Claiming.*—Where a party receives without protest, a sum of money for a year overdue, such reception will preclude him from the recovery of interest for the time the money was past due.

Agreed Case.—Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

### STATEMENT OF THE CASE.

This case was tried upon an agreed statement of facts.

In May, 1887, special assessment proceedings were duly begun in the County Court of Cook County by the city of Chicago for paving Wabansia avenue, the estimated cost

thereof being $34,742.12. By the assessment roll, it appeared that the benefits to private property by the improvement was $23,948.86, and the public benefits $10,793.26. The proceedings made such progress that in January, 1889, the roll was confirmed for the full amount of the assessment against the city and against private property to the amount of $13,351.52. On the 7th day of November, 1889, the roll as confirmed was duly certified to the city collector, with the proper warrant for the collection of the assessment, and on the day following the collector gave due notice thereof. Following this, on November 26th, the plaintiff entered into a written contract with the city to perform the work required for said improvement, and by its terms he was to be paid therefor when the special assessment levied or to be levied therefor was collected. The contract provided among other things, that "said contract price should be paid out of the proceeds of the special assessment levied, and out of the proceeds of any special assessment which shall hereafter be levied for said improvement, and also from the general fund of said city as assessed or to be assessed against said city, as its relative, equitable proportion of the estimated cost of said improvement, the proportion to be paid by said city of the amount assessed or to be assessed against said city, being the proportion which the whole amount assessed or to be assessed bears or shall bear to the actual cost of said improvement; the said party of the first part agreeing hereby to make no claim against said city in any event, except from the collections of the special assessment made or to be made for the said improvement, and to take all risk of the invalidity of any such special assessments, the said party of the second part not to be liable in any event by reason of the invalidity of special assessments, or any of them, or of the proceedings therein, or for failure to collect the same."

In April, 1890, the city council, by resolution, directed all proceedings for the collection of the assessment stayed, which was accordingly done by the city authorities, so that the assessment was not collected so as to be available for the

payment of the plaintiff's claim under the contract for at least one year after it should have been collected, and the plaintiff was thereby deprived of the use of the amount so due him for one year from the time it should have been paid him, and his loss thereby was equal to six per cent of the sum so withheld. The plaintiff has been paid the contract price, but no interest or other compensation for the use of the money due him during the period he was so deprived thereof, or his consequent loss.

Suit having been brought, no pleadings, so far as appears, having been filed, the following stipulation was made:

" It is further agreed that the objection to said assessment roll, amounting to $10,417.34, has been filed, but that said roll was confirmed over said objections on January 18, 1892, and certified by the collector January 27, 1892.

It is further agreed that this cause shall be submitted to the court for trial, without the intervention of a jury; and that the court may, by its order or judgment, grant to the plaintiff such relief, and in such form, as the facts aforesaid will legally warrant, without regard to the pleadings or the form of the action; the parties hereto being desirous to get a decision upon the merits, as stated in the foregoing ' Agreed Statement of Facts,' regardless of any formalities whatever.

October 8, 1894.

H. H. ANDERSON,
Attorney for plaintiff.
Signed        HARRY P. RUBENS,
Corporation counsel, for defendant."

HERVEY H. ANDERSON, attorney for plaintiff in error.

WILLIAM G. BEALE, corporation counsel, GEORGE A. DUPUY, assistant corporation counsel, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Startling as is the informality attending the conduct of this cause, we are of the opinion that there is no law compel-

ling parties to prepare and file pleadings if they are content to have their case presented and heard without written statements.

The case is therefore to be treated as a bill in chancery, a suit in assumpsit, or an action of case, as the merits may require.

By the terms of the contract the money earned by appellant did not become due to him until the assessment levied by the city had been collected.

When this was collected he was paid; it therefore is clear that although the city wrongfully delayed for one year the collection of the assessment, interest, as such, is not recoverable upon the sum he should in good faith have been paid twelve months before he was.

Considering the suit as an action upon the case, brought to recover the damage sustained by plaintiff by reason of the tortious conduct of the city in willfully delaying for one year the collection of this assessment, the question presented is, can he not recover such damage, the measure thereof being lawful interest upon the sum whose payment to him was in flagrant bad faith delayed?

That it was the duty of the city to proceed with reasonable diligence to collect this assessment, is conceded; that its deliberate refusal so to do was an act of bad faith, is manifest. City of Chicago v. The People ex rel., 48 Ill. 416–418.

In such case the "injured party has an election as to whether he will sue in assumpsit or case." Clayburgh v. City of Chicago, 25 Ill. 535.

By the terms of the agreement between appellant and the city, nothing was due him until the assessment had been collected; there was therefore no delay in *paying* the sum *due.* Interest upon a sum due can not here be recovered. The delay was in wrongfully staying for one year the collection of the assessment, and it is upon such wrongful action that appellant's action is based.

Appellant, a year after he should have been paid, received, so far as appears, without protest, the sum for which he did the work.

A majority of the court are of the opinion that such reception by him precludes his recovery of anything more.

The case of Page, Bacon & Co. v. Elias Warner, 4 Cal. 395, is thought to be analogous in this respect to the one under consideration.

The city was charged with the duty, not only of collecting this assessment and paying the same to appellant, but with proceeding to collect with reasonable diligence; it has discharged a portion of its obligation; another part it wrongfully refused to carry out; because of such refusal appellant sustained damage for which he brought this suit.

It appears to a minority of the court that the reception by appellant, without protest, of what the city received and held in trust for him, was not a waiver of his claim for damage by reason of appellee's flagrant breach of duty.

In Chicago v. The People, 56 Ill. 327, a proceeding by way of mandamus, it was held that the mere inability of the city to collect an assessment, did not entitle the party for whose benefit it was made to recover interest from the city, although under the peculiar circumstances under which the agreement there under consideration was entered into, the city was held liable for the amount of such assessment. That case is materially variant from the present, in that the court there held that the allegations of negligence being specifically denied by the return, the relators were precluded from basing any ground of relief or recovery upon the alleged negligence.

It is urged that the city is not liable for a violation or neglect of duty by its officers.

The duty was that of the city, which, like other corporations, acts only through agents; in the present case the stay, the wrongful act, was by order of the common council.

A majority of the court being of the opinion that appellant is not entitled to recover, the judgment of the Superior Court is affirmed.