Fred R. Vandercook and Janet Reed Vandercook, Appellees, v. Earl F. Mayer, Appellant.

Gen. No. 40,166.

O'CONNOR, J., dissenting.

Heard in the first division of this court for the first district at the June term, 1938. Opinion filed November 21, 1938.

MILTON HART, of Chicago, for appellant; MAX RAPHAEL, of Chicago, of counsel.

ASHCRAFT & ASHCRAFT, of Chicago, for appellees; ALAN E. ASHCRAFT, JR., of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action on contract for interest claimed on balance due under the terms of a written contract, at 5 per cent from June 2, 1937, when due, to August 21, 1937, when the balance was paid, upon trial by the court at the close of all the evidence there was a finding against defendant in the sum of $67.90 with judgment, from which defendant appeals.

The material facts were stipulated by the parties in substance as follows: On April 28, 1937, plaintiffs entered into a written contract with defendant, whereby he agreed to buy and they to sell at the price of $15,000

certain improved real estate situated in Evanston, Cook county. On May 5 thereafter defendants were given possession of these premises and have since continuously occupied them. On May 18, 1937, plaintiffs, according to the terms of the contract, deposited at the office of W. G. Ruggles & Company the preliminary report on title made by the Chicago Title and Trust Company, showing good title in the plaintiffs. By the terms of the contract payment of the entire balance was to be made 15 days thereafter, namely, June 2, 1937. On May 28, 1937, defendant represented to plaintiff that he wished to obtain a mortgage on the property for the sum of $7,500 from Baird & Warner, who required an escrow agreement to be executed for the purpose of consummating the mortgage. On the same day (May 28) a written escrow agreement (Chicago Title and Trust Company Escrowee) was executed by plaintiffs and defendant. The escrow agreement is attached to the stipulation. On that day also (May 28) plaintiffs delivered through this escrow to defendant a general warranty deed with release of dower and homestead rights, conveying the premises to defendant and also delivered the guaranty policy of the Chicago Title and Trust Company in the amount of $15,000. At the same time plaintiffs received a portion of the purchase price, leaving a balance of $7,082.03, which was paid August 21, 1937, by the Chicago Title and Trust Company out of the proceeds of the mortgage loan made through Baird & Warner.

August 14, 1937, Baird & Warner deposited in the escrow department of the Chicago Title and Trust Company the sum of $7,000. August 21, 1937, plaintiffs received a check dated August 20, 1937, issued by the Chicago Title and Trust Company Escrow Department, payable to the order of plaintiffs, reciting, ''payment in full proceeds of sale to Earl F. Mayer,'' in the sum of $7,082.03. Plaintiffs deposited this check

and received payment of the proceeds of it in due course. Plaintiffs demanded payment of the balance of the principal prior to August 21, 1937, and on August 26, 1937, first made a demand that defendant also pay interest at 5 per cent on the balance of $7,082.03 from June 2, 1937, the date upon which it was due under the contract, to August 21, 1937, when payment was made, amounting to $67.90. The escrow agreement recites that Ashcraft & Ashcraft deposits with the Chicago Title and Trust Company the deed, insurance policy and other papers which are described in detail, and states that Baird & Warner will deposit the proceeds of the mortgage ($7,500), and that when the mortgage policy guaranteeing the title is issued and certain other items have been paid, the balance of funds shall be paid to plaintiffs. The escrow writing was executed by Ashcraft & Ashcraft and Baird & Warner and is dated May 28, 1937. Attached to it is a writing signed by defendant and one of the plaintiffs in substance that it shall not be construed to abrogate or supersede any of the terms of the contract of April 28, 1937.

The sole question for decision is whether under the facts as stipulated, plaintiffs as a matter of law are entitled to recover interest at the legal rate from June 2, 1937, the date when under the terms of the contract payment of the balance was due up to August 20, 1937, when payment was in fact made. Section 2 of the interest statute (Ill. Rev. Stat. 1937, ch. 74, p. 1885 [Jones Ill. Stats. Ann. 67.02]), provides:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and

retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment.''

. It is the theory of plaintiffs (there being no provision in the contract to the contrary) that plaintiffs not having waived their rights and not being in any way estopped are entitled to recover interest under this section of the statute. On the other hand defendant contends that where (as here) by the terms of the contract no promise to pay interest is made and payment of the principal is offered and accepted after due date, the payment of the principal extinguishes the right to recover interest. Defendant cites *Stewart v. Barnes,* 153 U. S. 456, 38 L. Ed. 781, 14 S. Ct. 849; *Vider v. City of Chicago,* 164 Ill. 354, 45 N. E. 720; aff'g 60 Ill. App. 595, 100 A. L. R. 104–114.

The *Vider* case is not in point. There plaintiff contracted with the city to do work required by a special assessment improvement, payment not to be due until the assessment had been collected. The collection of the assessment was delayed for a year. Plaintiff asked for interest. The court said interest could not be recovered because the payment was not due by the terms of the contract. The other cases cited are also inapplicable for the reason that the suits were not based on contractual obligations.

Defendant also contends that interest was not collectible for the reason that it could be allowed only as damages, being merely incidental to the debt and not a part of it. He cites *Bank of the United States v. Moskowitz,* 150 N. Y. Misc. 629, 100 A. L. R. 96; *McDonald v. Holdom,* 208 Ill. 128; *Hoblit v. Bloomington,* 71 Ill. App. 204. These cases are not applicable where (as here) the liability grows out of a direct contractual obligation. 13 C. J. 560; *Matthias v. Cook,* 31 Ill. 83; *Illinois Bankers Life Ass'n v. Collins,* 341 Ill. 548. Nor are the cases applicable where (as here) the contract is one which by express provision of the statute

bears interest. 100 L. R. A. 98; 33 C. J. 255; *Girard Trust Co. v. United States*, 270 U. S. 163, 70 L. Ed. 524; *Crane v. Craig*, 230 N. Y. 452, 130 N. E. 609.

Defendant also contends that plaintiff waived interest by entering into the escrow agreement which made no provision therefor and did not provide a specific time for closing the deal, by failing to make a demand for interest on August 20, when the balance of principal due was paid, nor until 6 days thereafter, by accepting the check of August 20 "in full payment of sale," and by failing to protest in any way that interest also was due when the payment of the balance of principal was made. These facts, it is argued, show the intention of the parties that interest should be waived. The facts enumerated are not sufficient to show waiver by plaintiffs nor to create an estoppel against them. Plaintiffs' claim for interest was not against the Title and Trust Company. Plaintiffs received from the trust company all they were entitled to receive. There was no reason why plaintiffs should demand interest from the escrowee or refuse to give a receipt in full to it. The demand for interest was made within a reasonable time and to the proper party. There was no occasion for protest to the Chicago Title and Trust Company. The obligation to pay interest was imposed on defendant by the statute that existed when the contract was made and became a part of it just as much as if it had been incorporated into it. *Matthias v. Cook*, 31 Ill. 83; *Illinois Bankers Life Ass'n v. Collins*, 341 Ill. 548. *Feldman v. City of Chicago*, 363 Ill. 247, construing section 3 of the same statute is conclusive against defendant.

The judgment is affirmed.

*Affirmed.*

McSURELY, P. J., concurs.
O'CONNOR, J., dissents.