RichardsoN, Ch. J.,
delivered the opinion of the court:
This is the first case since the passage of the Act of March 3,1863, chapter 92, section 7 (now Rev. Stat., sec. 1090), allowing interest on judgments of this court in favor of claimants, affirmed by the Supreme Court on appeal, in which application has been made to have interest included in the judgment on the mandate.
It was the invariable practice of the Treasury Department, *280 upon a transcript of the record of this court that the mandate of the Supreme Court affirming the judgment appealed from was filed, to estimate for and to pay interest, when appropriated for, on judgments affirmed on appeal up to the time of paying the principal until the passage of the Act of 1890, September 30, chapter 1126 (paragraph 4 in Supplement to Revised Statutes, second edition, 811), which not only reduced the rate of interest, but limited the time of- its running, as follows:
“And on judgments in favor of claimants which have been appealed by the United States and affirmed by the Supreme Court, interest at the rate of 4 per centum per annum shall be allowed and paid from the date of filing the transcript of judgment in the Treasury Department up to and including the date of the mandate of affirmance by the Supreme Court:
“Provided, That in no case shall interest be allowed after the term of the Supreme Court at which said judgment was affirmed.”
Before said act of 1890 two actions had been brought in this court for the recovery of interest alone after the Treasury Department had refused to pay the same. (Hobbs’ Case, 19 C. Cls. R., 220; Pacific Railroad Case, 26 C. Cls. R., 564.)
In Hobbs’ Case, the claimant had recovered judgment for $43,113.63, and the sum of $2,660 claimed in his petition had been decided against him. Both parties appealed. The judgment of this court was affirmed for the first amount and it was ordered that an additional specified amount should be allowed the claimant, and a mandate was issued accordingly. Upon the mandate filed in this court judgment was enteredin favor of the claimant for both sums, and on presentation of a transcript of the record to the Treasury Department interest-was refused on either sum because no appropriation had been made therefor.
The claimant brought his action in this court for the interest due him by statute, and it was held that he was entitled to the same on so much- as had been affirmed on appeal and gave him judgment therefor.
In neither of these cases was there an application to include interest in the judgment on the mandate, perhaps because it could not then be known up to what time to compute the same, as it was uncertain when the Treasury Department would be prepared to make payment.
In the Pacific Bailroad Case, the judgment of this court for *281 $44,800.74 was reversed and the case remanded “with directions to enter a judgment for the full amount claimed by the Pacific Railroad Company for its services.” In pursuance of this mandate a judgment in favor of the claimant was entered for the sum of $130,196.98.
Congress made the following appropriation:
“ To pay the judgment of the Court of Claims in favor of the Pacific Railroad, eighty-five thousand three hundred and ninety-sis dollars and twenty-four cents, being in addition.to the sum of forty-four thousand eight hundred dollars and seventy-four cents appropriated by the act of August fourth, eighteen hundred and eighty-six, to pay a judgment in favor of said Pacific Eailroad, which two sums shall be in full satisfaction of the judgment in favor of the Pacific Eailroad reported to Congress in the House Executive Document number twenty-nine, Fiftieth Congress, first session.”
The Treasury Department refused to pay more than the amount appropriated, and the claimant accepted the same. An action was then brought to recover the interest providefor by statute and it was held that no recovery could be .had, and judgment was entered for the defendants.
On appeal, the judgment was affirmed, the court saying in its opinion, in substance, that'the claimant did not appeal from the judgment on the mandate, the first judgment was not affirmed, the appropriation act provided that the sums appropriated should be in full satisfaction of the judgment and the claimant had accepted the amount of the principal sum and could not thereafter recover interest thereon. (158 U. S. R., 118.)
In the present case, the mandate differs materially from either of those in the two preceding cases, although substantially like that in Hobbs’ Case. It concludes thus:
“It is now ordered and adjudged by this court that the judgment of the said Court of Claims in this cause be, and the same is hereby, reversed. And it is further ordered that this cause be, and the same is hereby, remanded to the said Court of Claims with directions for further proceedings consistent with the opinion of this court.”
It will be observed that the opinion is made part of the judgment and mandate of the Supreme Court, unlike those in the other cases, and we must examine it to ascertain what was reversed. We find that the judgment of this court was affirmed in point of fact as to $91,320.34 and was reversed only on a *282 separate and distinct cause of action as to tbe sum of $39,367.18, which this court had disallowed, and which by the opinion it was held the claimant was entitled to in addition to the amount here recovered just as was substantially done in the Hobbs Case.
Moreover, we think, the Supreme Court has referred the question of interest directly to this court for determination on tbe mandate. March 9,1890, the claimant made a motion in tbe Supreme Court for a, correction of tbe technical form of its order and mandate so that interest might be recovered on that part of the judgment of this court which, in its opinion, was affirmed, moved thereto undoubtedly by our decisions in the Hobbs and Pacific Railroad cases.
The Supreme Court made this order thereon: “ It is now here ordered by this court that said motion be, and the same is hereby, denied without prejudice to an application in the Court of Claims in respect to the matter in question.”
This significant order must be interpreted to mean, we think, that the court had already substantially complied therewith by the mandate and opinion which were to form the basis of the future action of this court.
The “ matter in question,” in relation to which the claimant was authorized to make application to this court, was not the correction of the technical form of judgment and mandate of the Supreme Court, as to which we could have no jurisdiction, but was the allowance of interest on that part of the judgment affirmed by that court, over which it was assumed we had jurisdiction in the due execution of the mandate in accordance with its whole terms. Since the passage of the act of 1890, above quoted, this might be done, as must have been well understood by the Supreme Court, as the interest had ceased to run and had become only a matter of mathematical computation.
If the Supreme Court had intended to reverse the action of this court in the Hobbs Case, it would undoubtedly have done so by overruling the claimant's motion to amend the mandate. It certainly would not have remitted that question of law as an open one to an inferior court for determination. The point involved no question of fact, for the facts were all on the record of the case in the hands of the Supreme Court. The legal point involved, whether or not the judgment of this court had *283 been affirmed, was tbe only question which existed for determination. The allowance of interest is not a matter of discretion with either court, but of legal right. It seems, therefore, manifest that when the Supreme Court gave the claimant leave to present this matter of legal right to this court, it was not for the determination of a question of law, but for the action of the court in doing that which had been allowed and done in the case of Hobbs. Taking the opinion, mandate, and order of the Supreme Court and reading them together, it seems clear that the Supreme Court intended that this court should enter one judgment which would include all that the claimant is entitled to under the mandate and the statute.
The judgment of the court is that the claimant recover the sum of $91,320.84, the amount of the former judgment of this court, with interest at 4 per cent per annum, from July 19, 1892, when the transcript of record was presented to the Secretary of the Treasury, to February 3, 1896, the date of the mandate of the Supreme Court, $12,926.97, and the additional sum allowed by that court, $39,867.13, amounting in all to $144,114.94.