Howry, J.,
delivered the opinion of the court:
The original suit out. of which the jiresent one arises was instituted in this court March 5,1887, and was for the recovery of certain consular fees which had been paid into the Treasury by the claimant as official fees, but which were claimed by him to be unofficial.
In the original suit a judgment was rendered December 3, 1888, in favor of the claimant for the sum of $13,839.21. Subsequently, an appeal from said judgment was prayed by the United States to the Supreme Court, and after the appeal had been allowed, a cross appeal was prayed and allowed on behalf of the claimant.
The case was heard in the Supreme Court February 3, 1890, the judgment of this court being reversed on the appeal of the United States because of an excessive allowance. The true amount held by the Supreme Court to have been the amount for which the judgment of this court ought to have been rendered in favor of the plaintiff was fixed at the sum of $11,783.50. Thereupon, the mandate of the Supreme Court was issued, upon which judgment was entered by this court *61 for the true amount. A transcript of this judgment was presented to and filed with the Secretary of the Treasury March 19,1890, and an appropriation was made by Congress September 30, 1890, sufficient to pay the principal of the judgment, but no interest thereon, whereupon the judgment was paid in said principal sum only. The plaintiff claims that he is entitled to recover interest at the rate of 4 per cent per annum from the date said judgment of $11,783.50 was rendered, viz, December 3,1888, to the date when an appropriation was made for the payment of the same, covering a period of one year nine months and twenty-seven days, amounting to eight hundred ánd sixty dollars and twenty-two cents, in accordance with section 10 of the act of Congress approved March 3,1887, entitled “An act to provide for the bringing of suits against the Government of the United States,” or if he is not entitled to said 4 per cent interest per annum under section 10 of the act of March 3,1887, then he claims he is entitled to 5 per cent interest on said sum of $11,783.'50 under section 1090 of the Devised Statutes from January 24, 1889, when the judgment was presented by the proper transcript to the Secretary of the Treasury, to March 12,1890, when the mandate of the Supreme Court was presented to and filed with this court, being one year one month and sixteen days, and° amounting to six hundred and sixty-two dollars and thirty-two cents ($662.32).
The petition of the plaintiff was demurred to, for the reason that said petition failed to state facts sufficient in law to constitute a cause of action.
The question relating to the recovery of 4 per cent interest on judgments of this court under the provisions of the tenth section of the act of March 3, 1887, known as the Tucker Act, has been decided adversely to the right at this term of the court and is not now an open question. (Pacific Coast Steamship Company v. The United States, ante, p. 36.)
Section 1090 of the Devised Statutes reads as follows:
“In cases where the judgment appealed from is in favor of the claimant, and the same is affirmed by the Supreme Court, interest thereon at the rate of five per centum shall be allowed from the date of its presentation to the Secretary of the Treasury for payment as aforesaid, but no interest shall be allowed subsequent to the affirmance unless presented for payment to the Secretary of the Treasury as aforesaid.”
The judgment appealed from was declared in the Supreme Court to have been decided upon correct principles for a part *62 of tbe amount, but incorrect in that part covering fees for certifying invoices for free goods imported into the United States. The claimant having successfully supported his contention in the trial court, that the Government was not interested in such free goods, and that no obligation rested on him as consul to account for fees growing out of the consular invoices given therefor, the United States appealed, because of the action of the court in allowing the illegal sum, and the judgment was accordingly reversed because of this error. (United States v. Mosby, 133 U. S. R., 273.)
While reversing the action of the court below and remanding the cause with directions for the entry of another judgment for the claimant which should not include the fees erroneously demanded, it will be seen there was a due recognition of the validity and justice of the other items of the claim constituting the reversed judgment. This was, the plaintiff now claims, a substantial affirmance of that much of the judgment for which interest should be allowed. We do not think the statute contemplated payment of interest on a judgment reversed for the error of the trial court in giving the claimant too much. This is the kind of an error disclosed by the record which caused the judgment to be reversed and the cause remanded. The plaintiff' contributed to this state of affairs. He preferred a claim for too much money, and having secured judgment for more than he was lawfully entitled to collect as a judgment creditor, he insisted in the court whence the appeal was taken that the amount secured by him was right, thereby precludin g such an affirmance as would have entitled him to take the proper transcript to the Treasury with a demand for payment, and thus have brought himself within the requirements of the statute allowing interest. In claiming too much at the outset and insisting upon his right to more than was lawful, the claimant assumed the responsibility and took upon himself the risk incident to the failure to sustain his demand. The fact that hemay have believed in the correctness of his entire account and that he litigated in good faith for all of the claim as originally presented, as doubtless he did, does not warrant us in applying the terms of a statute for his use that otherwise and but for his act could have been invoked without difficulty or delay in his favor with respect to interest as soon as the judgment for the true amount due to him was affirmed.
Two cases where the amounts of the judgments were sup *63 plemented on appeal by additions to tlie prineipal sums over tbe amounts first fixed and where interest beoame allowable have been adjudicated in this court. These are the cases of Hobbs v. The United States (19 C. Cls. R., 220) and The State of Neto Torh v. The United States (31 C. Cls. R., 276). Both cases, it is argued for the claimant, fully sustain the allowance of 5 per cent interest per annum under section 1090 of the Revised Statutes for the case at bar, and it is said the latter case cited is particularly in all respects identical with the case here.
In the Hobbs case the judgment appealed from was affirmed by the Supreme Court and an additional amount allowed. The appeal had been taken by both parties, the claimant in the court below and the United States as well, from the judgment first rendered. The affirmance of the judgment and the enlargement of the amount vindicated the correctness of the claimant’s action in taking his appeal and at the same time proved the error of the appeal for the Government. But, notwithstanding the affirmance in express terms, the cause was remanded, with directions for this court to enter judgment for the larger amount found to be due in the appellate court. The claimant sued for .the interest and obtained judgment for such interest on so much of the amount of the judgment of the trial court as had been affirmed on the appeal. Thus the interest followed the amount of the original judgment, but not the additional allowance. The affirmance, in explicit language, brought' the case within the letter of the statute.
In New York v. United States the State obtained judgment in this court for $91,320.84. On the appeal of the United States and cross appeal of the State of New York, the Supreme Court held that claimant was entitled to recover said amount and also the additional sum of $39,867.18, which, against the protest of New York, had been disallowed in the first instance. As the State was entitled to a larger sum than that allowed in this court, the judgment was reversed and remanded with directions for proceedings to be taken consistent with the opinion of the appellate court. (United States v. New York, 160 U. S. R., 598.) Thus, to obviate the error in rendering a judgment for too small an amount and to conform to the law, judgment was entered in this court on the mandate for the amount of the first-judgment, together with interest on that sum, and also for the additional amount directed to be allowed by the Supreme Court.
*64 While reversing the judgment of the trial court, such action was for the benefit of New York. If there had been an affirmance of the judgment merely, without an allowance for anything more, the claimant would have been entitled to recover the statutory interest thereon. New York not only prevailed to that extent, but secured an additional allowance.
Soon after the action of the Supreme Court New York made a motion in that tribunal for a correction of the technical form of its order and mandate so that interest might be recovered on that part of the judgment of this court, which, m its opinion, was adjudged correct. Thereupon the Supreme Court made this order on the motion: “ It is now here ordered by this court that said motion be, and the - same is hereby, denied without prejudice to an application in the Court of Claims in respect to the matter in question.”
Commenting on this order Mr. Chief Justice Biehardsou, for this court, declared that “the Supreme Court has referred the question of interest directly to this court for determination on the mandate. This significant order must be interpreted to mean that the court had already substantially complied therewith by the mandate and opinion which were to form the basis of the. future action of this court.” .
In this case a different condition is presented. Judgment having been rendered for the claimant for an amount in excess of what was lawfully due, an appeal was taken by the United States and a cross appeal was also taken by the claimant. The higher tribunal found that the claimant had secured too much, and in reversing the judgment, with directions for the entry of another judgment and for a smaller sum, the action of the court on the appeal became the reverse of its action in the preceding cases.
In neither of the cases cited by the claimant to sustain his theory was the appeal of the United States justified. In the case at bar the appeal of the Government was justified because the judgment appealed from was for an amount unwarranted and excessive.
The opinion of the court is that the demurrer of the United States to the petition be sustained, with leave to the claimant to amend within thirty days, or otherwise the cause will be dismissed.