Moss, Judge,
delivered the opinion of the court:
This suit is brought for the recovery of $2,309.72, claimed by plaintiff as interest on a refund to plaintiff on account of an overpayment of income tax for the year 1918. The refund was for $13,252.47, $11,308.48 of which represented an additional tax paid April 15, 1921, and $1,943.99 of which was a part of the original tax paid at the time plaintiff’s tax return was filed, March 15, 1919. The refund was allowed October 29, 1923, and was paid in November, 1923, without interest.' Plaintiff immediately claimed interest under tj^e provisions of section 132^ (a) (2) of the revenue act of 1921, which claim was rejected.
In the original petition filed February 4, 1926, plaintiff based her claim for the recovery of interest on the provisions of section 1324 (a) of the revenue act of 1921, 42 Stat. 316. Under this statute provision was made for the payment of interest on refunds made “ upon the allowance of a claim for refund.” The Government denied plaintiff’s claim for interest on the ground that no claim for refund was ever filed. While this case was pending this court, on February 14, 1927, decided the case of Magnolia Petroleum Company, 63 C. Cls. 173, and plaintiff believing that the principal question involved in the decision in that case was applicable to the facts in the instant case filed an amended petition asserting her alternate right to recover interest under the act of 1924, 43 Stat. 346, which allows a recovery of interest on a refund without the filing of a claim. However, on February 20, 1928, the United States Supreme Court reversed the decision of the Court of Claims in the Magnolia Petroleum Company case, holding on this point that “ statutes are not to be given retroactive effect, or construed to change the status of claims fixed in accordance with earlier provisions unless the legislative purpose so to do *302 plainly appears.” Plaintiff’s right to recover, therefore, is confined to the sole question of whether or not plaintiff complied with the provisions of section 1324 (a) of the act of 1921 by presenting a claim for refund. The act provides “ that upon the allowance of a claim for the refund of * * * internal-revenue taxes paid, interest shall be allowed and paid * * *.” No formal claim for refund was filed in this case. The necessity for a claim for refund, as a condition for the allowance of interest, is not denied. It is plaintiff’s contention, however, that certain letters addressed to the Commissioner of Internal Revenue, which will later be discussed, were sufficient to meet the requirements of the statute. The facts briefly stated are as follows: In March, 1919, plaintiff filed her income-tax return, and paid the tax shown to be due thereon. Thereafter the Commissioner of Internal Revenue assessed against plaintiff an additional tax in the amount of $11,308.48, which was paid on April 15, 1921. By letter dated June 22, 1922, the commissioner proposed to assess against plaintiff a further additional income tax in the amount of $14,895.13, and notified plaintiff that she would be allowed twenty days within which to present any protest or objection to the proposed assessment.
■ Plaintiff immediately filed objections to the proposed assessment, which were overruled by the income-tax unit, whereupon plaintiff filed an appeal to the commissioner under the provisions of section 205 (d) of the revenue act of 1921. This appeal was in the form of a letter, dated August 26, 1922, in which plaintiff made the contention that the estate of her husband, George F. Lasher, of which she was the sole beneficiary, was entitled to the allowance of a deduction from gross income of estate taxes accrued during the year 1918. The error of the commissioner,'claimed by plaintiff, in the computation of the tax liability of the estate of George F. Lasher, and the contentions of both plaintiff and the representatives of the Internal Revenue Bureau with respect to the particular question presented by plaintiff, were discussed at length and in minute detail. Appended to this letter was a sworn affidavit of G. H. Shryock, the duly authorized agent and attorney in fact of plaintiff, in which it was stated, “ That it is his belief, and he so avers, *303 that Georgeine S. Lasher, the taxpayer on whose behalf this appeal is made, has paid an aggregate amount of income and surtaxes for 1917, 1918, and 1919 which exceeds the aggregate amount of her actual tax liability for those years.” Thereafter negotiations continued by correspondence and by personal conferences between representatives of plaintiff and of the Government, and on July 9, 1923, the commissioner advised plaintiff by letter that a reaudit of her 1918 tax return disclosed an overassessment of $13,252.47, instead of an additional tax as theretofore proposed, stating that the “ allowance as a deduction from the estate of George F. Lasher of $65,753.50, Federal estate tax, results in the net income due you from the above-named estate of $22,717.44 instead of $88,470.94.”
This determination was in strict accord with plaintiff’s contention in the letter of August 26, 1922, except only that plaintiff did not make, and in the nature of the transaction could not at that time have made, a demand for a specific sum. The amount due plaintiff as found by the commissioner was paid on November 23, 1923, without interest. Interest was denied on the ground that the refund was made as a result of an office audit and not on the allowance of a claim for refund. It should be noted, however, that the office audit, which resulted in the establishment of the exact amount due plaintiff, followed the adoption by the commissioner of the contention relied upon by plaintiff in said letter. The initiative in presenting the error of the commissioner, complained of by plaintiff, was taken by the taxpayer and not by the commissioner, and the allowance of the refund was directly due to the action by plaintiff in presenting the question to the commissioner in the letter of August 26, 1922.
Section 1324 of the act of 1921 is a remedial statute, and as such should be liberally construed so as to effectuate its purpose. Official forms for a claim for refund have been provided for use by taxpayers, but the Commissioner of Internal Revenue has not in all instances insisted on the filing- of a claim for refund on the official forms. See Law Opinion 1116, Internal Revenue Bulletin 111-1, pp. 350-353, wherein the Solicitor of Internal Revenue held that “a claim prepared in any manner, whether on a printed form or not, so *304 long as it was sworn to and met the other essential requirements of Form 46 and the regulations, would therefore be accepted and considered by the commissioner.”
By the letter of August 26, 1922, which contained all the essential information required to be set out in the official forms, plaintiff stated the specific ground upon which she claimed that her taxes for 1918 had been overpaid. Regardless of the form, it was the assertion of a right intelligibly expressed, and it was considered and allowed by the commissioner.
While plaintiff relies in support of her claim for recovery herein on certain other communications subsequent in date to August 26, 1922, it is not deemed necessary to discuss same, as the question involved depends primarily on the proper construction of said letter of August 26, 1922.
It is the opinion of the court that the plaintiff is entitled to recover, and it is so ordered.
Gkaham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.