Moss, Judge,
delivered the opinion of the court:
The sole question for determination in this case is whether or not the letter from plaintiff to the Commissioner of Internal Revenue dated October 4, 1920, may properly be treated as a claim for refund within the meaning of section 1324 (a) of the revenue act of 1921 (42 Stat. 227) and section 1113 of the act of 1926 (44 Stat. 116). The pertinent language of section 1324 (a) is as follows: “That upon the allowance of a claim for the refund of or credit for internal revenue taxes paid, interest shall be allowed and paid upon the total amount of such refund or credit * *
Section 1113 (a) of the act of 1926 is an amendment to section 3226 of the Revised Statutes and reads in part as follows: “ No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; * *
It is clear, therefore, that unless the letter in question can be construed as a claim, for refund, this court is without jurisdiction in the case.
The purpose of the letter of October, 1920, was to file amended separate returns. It is evident from its context that plaintiff had been denied the right to file consolidated returns. The attention of the commissioner was called to the “ great amount of taxes we are now compelled to pay, which we believe is far greater than any like corporation has paid.” It is then stated, “ In view of the foregoing, and since we are not permitted to file consolidated returns, we respectfully request that you take our returns of June 30, *281 1918, June 80, 1919, and June 30, 1920, under consideration for assessment under the relief sections of the act of October 3, 1917, and the 1918 revenue act.” This is the only request contained in the letter, the remainder of which may properly be considered as an argument for the granting of the request. It is in no sense a claim for a refund of taxes. It is nothing more nor less than an application for special assessment under the relief provisions of the revenue acts of 1917 and 1918. (Finding II.) The commissioner complied with plaintiff’s request, and as a result of the special assessment a certain sum was refunded. No interest whatever was collectible under the act of 1921 upon the allowance of a refund. The right of taxpayers to receive interest on amounts refunded as illegal or erroneous collections was first recognized and provided for by section 1324 (a) of the act of 1921 above quoted, and under the terms of that act interest Avas allowed only upon the allowance of a clawm for refund. The letter of October, 1920, was not a claim for refund, and can not be so construed. The petition is hereby dismissed.
Sinnott, Judge; Gkaham, Judge; and Booth, GThief Justice, concur. '