### McKENNEY et al. v. UNITED STATES.
### No. J–667.

Court of Claims.
Oct. 20, 1931.

See also 49 F.(2d) 667.

Harry S. Hall, of New York City, for plaintiffs.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

PER CURIAM.

Counsel for the defendant has filed a motion for a new trial asking that the court vacate its judgment entered herein in favor of plaintiffs and dismiss the petition.

It is urged that the court erred in treating the document set forth in the facts and opinion published May 4, 1931 [49 F.(2d) 667], as a claim for refund. Nothing is submitted in support of this ground that was

not submitted originally. We concluded that the document filed by the plaintiffs May 2, 1922, set forth in finding 3, was sufficient to constitute a claim for refund, and we now find no reason for modifying this conclusion.

It is further urged that the court erred in referring to the fact that the Commissioner must have allowed the claim, for otherwise he would not have been authorized to allow and pay the refund at the time he did, and it is claimed that the Commissioner allowed and paid the refund under a mistaken belief as to his authority in the matter. The record does not disclose this. The facts therein contained are to the contrary. If this were true, it was known to the defendant at the time the case was tried and there is no ground for a claim of newly-discovered evidence. Whatever the situation might have been, it would make no difference in this case because the document filed was sufficient to constitute a claim for refund under the statute (section 1324(a), Revenue Act 1921, 42 Stat. 314), and the Commissioner was required by the statute to allow it when he determined that there had been an overpayment.

It is further contended that the petition should be dismissed on authority of Maas & Waldstein Co. v. United States, decided by the Supreme Court May 25, 1931, 283 U. S. 583, 51 S. Ct. 606, 75 L. Ed. 1285. That case was considered by this court in its opinion and it was held not to be applicable. The question there was whether the tax had been paid under protest. This court [37 F.(2d) 196] held that it had not and that an application for special assessment was not a protest. The Supreme Court affirmed this holding. In this case we are concerned with whether the plaintiffs filed a claim for refund. We held that they did and we are still of the same opinion.

The motion for a new trial is without merit, and it is overruled.