## STEWART *v.* BARNES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 316.   Submitted March 22, 1894. — Decided May 14, 1894.

When a person from whom an internal revenue tax has been illegally exacted accepts from the government, without objection, the payment of the sum thus illegally exacted, he thereby gives up his right to sue for interest as incidental damages.

THE case is stated in the opinion.

*Mr. T. W. Neill* and *Mr. James W. M. Newlin* for plaintiff in error.

*Mr. Assistant Attorney General Conrad* for defendant in error.

MR. JUSTICE SHIRAS delivered the opinion of the court.

This was an action of assumpsit brought by John Stewart against Benjamin H. Barnes, executor of William H. Barnes, deceased, late collector of internal revenue, to recover the sum of $250.40, alleged to have been unlawfully collected from the plaintiff as internal revenue taxes on distilled spirits, with interest from June 26, 1869. The action was commenced in the Court of Common Pleas of Bucks County, Pennsylvania, on April 25, 1887, and was thence removed by the defendant, by *certiorari,* into the Circuit Court of the United States for the Eastern District of Pennsylvania, where the declaration was filed and proceedings were had which resulted in a verdict and judgment for the defendant. From that judgment the plaintiff sued out a writ of error.

In his bill of particulars the plaintiff alleged that on June 26, 1869, he drew out certain distilled spirits which had been placed in a United States bonded warehouse prior to July 20, 1868, and that upon the withdrawal thereof he was required by the collector to pay taxes on fractions of gallons as though they were whole gallons, amounting to $8.62, and also the sum of $241.78, as taxes on spirits which had been lost by leakage, evaporation, etc.; that those amounts were unlawfully exacted, and that he paid the same under protest.

The defence made by the defendant is set out in the record, as follows:

"And now, to wit, the fourth day of April, 1889, the court, on motion of John R. Read, Esq., United States attorney, grant leave to amend the plea filed in the above case by filing an additional plea as follows, to wit:

"And the defendant says that to entitle the above plaintiff to maintain the above suit appeal was not duly made to the Commissioner of Internal Revenue according to the provisions of law, and the above suit was not brought within the period of time allowed thereby; and this the defendant is ready to verify, etc."

Although the language quoted seems to indicate that there was another plea filed, no other plea appears in the record; neither does it appear that there was a replication. The record shows that a jury was sworn "to try the issue joined."

The purpose of this plea was evidently to invoke the operation of those acts of Congress which relate to the presentation of claims for alleged illegal exaction of taxes to the Commissioner of Internal Revenue, and which lay down the conditions upon which alone the government permits a recovery by suit of amounts so exacted.

The provisions of the statutory law which bear directly upon the present case are section 19 of the act of July 15, 1866, c. 184, 14 Stat. 93, 152, and section 44 of the act of June 6, 1872, c. 315, which appears in the Revised Statutes as section 3227. Under either of those acts before an action could be maintained in any court an appeal must first have been made to the Commissioner. In the act of 1866 there was no limitation of the time within which such an appeal was to be made. The act of 1872 required that it should be made within two years from the time the cause of action accrued. Under the earlier act, if such appeal had been made, still no action could be maintained in any court unless a decision should have been made upon the claim by the Commissioner, in which event the suit must have been brought within six months from the time of the decision, or within the same period after the act took effect. Under the later act, if the Commissioner delayed his decision for more than six months, the claimant was not compelled to await it, but might have sued within six months next following the six months of the Commissioner's delay, or one year from the time of appeal; but if the claimant had allowed that period to terminate without instituting

suit, he must then have waited, as before, until the claim should have been passed upon, and have sued within one year thereafter.

It was shown on the trial that, as to the sum of $241.78, the defendant had duly appealed to the Commissioner of Internal Revenue, that the claim was rejected, and that the suit was brought within the required time after such decision; but nothing appears in the bill of exceptions to show that an appeal was made concerning the amount of $8.62 of the claim.

Though the effect of the plea was to confess the plaintiff's cause of action, as to the exaction of the alleged amounts of money from him and as to the payment of the same under protest, see *Gale* v. *Capern*, 1 Ad. & El. 102, nevertheless, to prove the exaction the plaintiff introduced as a witness in his behalf a deputy collector, John F. Cline, who testified that the sums of money mentioned in the bill of particulars had been paid by the plaintiff to the collector of internal revenue for the first district of Pennsylvania; that the spirits were bonded prior to July 20, 1868, and that the sum of $8.62 had been paid upon fractions of gallons taxed as whole gallons, and the sum of $241.78 upon spirits lost by leakage, etc. The defendant admitted that certain official regulations promulgated by the Commissioner of Internal Revenue prior to and upon April 22, 1869, which were offered in evidence by the plaintiff, provided that the taxes on distilled spirits placed in bonded warehouses before July 20, 1868, should be exacted, upon the withdrawal of the spirits, only upon the actual quantity thereof so withdrawn. No evidence was introduced to show the nature of the protest made, but it was unnecessary to prove more than that the payment was made "under protest," which was admitted by the plea. *Wright* v. *Blakeslee*, 101 U. S. 174.

The defence made on the trial consisted of the introduction of evidence tending to show that the plaintiff had received from the government under the provisions of an act of Congress approved July 26, 1886, c. 783, 24 Stat. 853, the sum of $241.78, for which his attorney, T. W. Neill, gave a receipt to the Commissioner of Internal Revenue. The act is enti-

tled " An act for the relief of Richard C. Ridgway and others," and is as follows :

" Whereas from the time bonded warehouses were first established until April fourteenth, eighteen hundred and sixty-nine, the law has been uniformly construed and administered to allow for loss by leakage on spirits distilled prior to July twentieth, eighteen hundred and sixty-eight, while in warehouse ; and whereas it was the uniform practice and in accordance with the rules and regulations of the Commissioner of Internal Revenue, approved by the secretary, to collect internal revenue taxes upon only so much of the spirits distilled prior to July twentieth, eighteen hundred and sixty-eight, as were actually withdrawn from warehouse, under which established regulations large quantities of spirits were bought and sold while in bond ; and whereas in a few exceptional cases taxes were also collected on that portion of such spirits which were lost by leakage while remaining in warehouse : therefore,

" *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That the Secretary of the Treasury be, and he is hereby, required to pay, out of any money in the treasury not otherwise appropriated, to the following-named persons in the city of Philadelphia, Pennsylvania, or their legal representatives, such amounts as shall be shown to the satisfaction of the Commissioner of Internal Revenue to have been paid by them as tax on distilled spirits in excess of the quantity withdrawn from warehouse : *Provided*, That the amount paid to each shall not exceed the sum herein stated — that is to say : " [Here follows a list in which appears the sum of $241.78 opposite the name of John Stewart.]

The receipt was as follows :

" Original receipt for draft in payment of claims for refunding :

" *August* 17, 1886.

" Received of the honorable Commissioner of Internal Revenue the sum of two hundred and forty-one dollars and seventy-eight cents ($241.78) on account of my claim, No. 10,073, for taxes improperly paid by me.

" (Signed)      JOHN STEWART,
" By T. W. NEILL, *Attorney*."

Whether or not this evidence of the acceptance of payment was relevant to the issue, no objection was made to its introduction. On the contrary, the plaintiff admitted on the trial that he had received the money, and also embodied, in a request for instructions to the jury, a statement that the amount of his claim, with interest, was subject to a credit of the amount so received.

As nothing else of present importance appears in the record, the position of the plaintiff, after all the evidence had been offered, seems to have been this: The merit of his claim was established, as was also his right to prosecute the suit for $241.78 of his claim. No evidence had been introduced, nor admissions made, with regard to his right to sue for $8.62 of his demand, and as to that sum he was not entitled to seek relief. He had admitted the receipt by him from the Commissioner of Internal Revenue of $241.78 on account of his claim. The plaintiff's position being thus, the court directed a verdict in favor of the defendant. This action of the court was excepted to by the plaintiff, and is assigned by him as error.

The plaintiff now contends that, although he has accepted from the government the sum named, this fact should not affect his right to recover in the action, since he had a right to apply the money, and did apply it, so far as it was adequate, to the payment of interest on his claim, and was entitled to maintain an action for the principal and the balance of the interest. These views, however, of the purpose of the payment and the character in which it was received, are not sustained by the facts shown on the trial. The plaintiff admitted that he had received the sum of $241.78 on account of his claim for taxes improperly paid by him; the amount received was the same as the amount of the claim; the manner of the exaction indicated in the act of Congress is the same as that set out in the bill of particulars, and there is nothing upon which to base an inference that this payment from the government was related to any other transaction than the one in question. The act of Congress, then, furnishes the best evidence of the purpose and the character of the payment, and from it we are to learn whether the payment was of the prin-

cipal or of interest. The act provided for the payment to the plaintiff and others of such amounts as should be shown to the satisfaction of the Commissioner of Internal Revenue "to have been paid by them as tax on distilled spirits in excess of the quantity withdrawn by them from warehouse." It is presumed that the terms of the act were known to the plaintiff, and by his acceptance of the money it must be understood that he agreed to take it as a payment of the amount shown to have been paid by him, or, in other words, as a refunding of the money exacted.

It is apparent, therefore, that the principal, as such, has been received by the plaintiff, and hence, to treat the action as having any object at all, we must regard it as an action for interest alone. Whether, in the circumstances of this case, an action for interest can be maintained, is the only question to be determined. In deciding this we shall not find it necessary to consider in what respect these suits against collectors may differ from other actions, but shall assume, for the purposes of this opinion, that they are governed by the same rules.

Where money is retained by one man against the declared will of another who is entitled to receive it, and who is thus deprived of its use, the rule of courts in ordinary cases is, in suits brought for the recovery of the money, to allow interest as compensation to the creditors for such loss. Interest in such cases is considered as damages, and does not form the basis of the action, but is an incident to the recovery of the principal debt. The right of action is the right to compel the payment of the money which is being retained. When he who has this right commences an action for its enforcement, he at the same time acquires a subordinate right, incident to the relief which he may obtain, to demand and receive interest. If, however, the principal sum has been paid, so that, as to it, an action brought cannot be maintained, the opportunity to acquire a right to damages is lost.

This principle is well illustrated by an early case, *Moore* v. *Fuller*, 2 Jones (Law,) 205, decided by the Supreme Court of North Carolina. That was an action of debt on a bond. The

principal of the debt had been paid, and at the time of payment the parties had agreed to refer the question of interest, the payment of which was refused, to arbitration. Upon an award made in favor of the plaintiff, the defendant still refused to pay the interest, and it was sought to be recovered in an action, not upon the award, but on the bond. The Supreme Court said: "The general principle is, that when the principal subject of a claim is extinguished by the act of the plaintiff, or of the parties, all its incidents go with it. Thus, in an action of ejectment, if the plaintiff, pending the suit, takes possession of the premises, upon the plea of the defendant or upon its being shown, the plaintiff will be non-suited. *Johnston* v. *Swain*, Busby 335. So, in an action of detinue, if the plaintiff takes possession of the property claimed, he can recover no damages, for they are consequential upon the recovery of the thing sued for. *Morgan* v. *Cone*, 1 Dev. & Bat. 234. This is an action of debt on a bond to recover the interest, the principal having been paid by the defendant before the bringing of the action: by that payment, the bond was discharged, and by analogy to the cases referred to, the plaintiff cannot recover the interest, which is but an incident to the principal — the bond."

To the same effect is the case of *Tillotson* v. *Preston*, 3 Johns. 229. This was an action of assumpsit for money had and received. In addition to the general issue, there was a plea of payment of the sums mentioned in the declaration. To this plea of payment the plaintiff demurred especially, alleging for one ground of demurrer that the plea did not allege that the defendant had paid to the plaintiff the interest. The court said: "The demurrer is not well taken. If the plaintiff has accepted the principal, he cannot afterwards bring an action for the interest."

Other cases announcing the same principle are to be found in the books, but the rule seems to be founded in reason, and hardly to need the support of precedent.

In a case where a demand of damages constitutes the very ground of the action, it would seem that the rule would be different. If, for instance, in covenant on the part of the

lessee to repair a building, the lessee should prove performance, the plaintiff might still be entitled to have the jury pass upon the question of his damages, however small they might be, because in such a case the right to damages constitutes the right of action. It might then be said that, since the present case is an action of assumpsit, of which damages constitute, in theory, at least, the basis, the rule we have stated would not be applicable. But, without considering how far, in an inquiry like this, we would be prevented by the form of an action from ascertaining its purpose, and without adverting to the fact that one of the cases just cited was an action of assumpsit, it is to be noticed that in Pennsylvania, where the suit was brought, the form of the action of assumpsit is employed not only in cases where, at the common law, it would have been appropriate, but also in cases in which the action would formerly have been in debt or covenant.

Treating the action of assumpsit as of such extensive scope, the object sought would not only be permitted, but required to be considered if it were desired to ascertain the real nature of a case. In this case the bill of particulars shows that the object sought is a liquidated sum of money, with interest. The evidence introduced with the acquiescence of the plaintiff, and his own admission, furnished proof that the liquidated sum has been paid. It thus appears that the action is not one sounding in damages, but that the damages, or interest, is demanded simply in respect of the detention of the principal.

Perhaps it might not unreasonably be argued that the payment by the government, and the acceptance of the money by the plaintiff, without a demand of interest, constituted a complete settlement of his claim, irrespective of the operation of the principle which we have been examining. But however this may be, it is evident from what has been said that the plaintiff has parted with his right of action by accepting the money which was withheld from him, and has at the same time given up his right to sue for the incidental damages. Therefore the court below was right in directing a verdict for the defendant, and the judgment of that court is

*Affirmed.*