## PACIFIC RAILROAD *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 233. Submitted April 15, 1895. — Decided May 6, 1895.

Congress having appropriated in payment of a judgment against the United States in the Court of Claims, the full amount of the judgment, with a provision in the appropriation law that the sum thus appropriated shall be in full satisfaction of the judgment, and the judgment debtor having accepted that sum in payment of the judgment debt, the debtor is estopped from claiming interest on the judgment debt under Rev. Stat. § 1090.

ON May 2, 1888, the "Pacific Railroad," a corporation of the State of Missouri, filed in the Court of Claims a petition seeking to recover interest on certain judgments it had previ-

ously obtained against the United States. There was a traverse denying the allegations of the petition. Evidence was adduced and the cause submitted to the court.

There were the following findings of facts and conclusions of law:

"I. On the 28th of April, 1885, the claimant recovered judgment against the defendants in the Court of Claims for the sum of $44,800.74.

"On the 29th of April, 1885, the claimant presented to the Secretary of the Treasury a copy of said judgment, certified by the clerk of the Court of Claims and signed by the chief justice. Said judgment was not paid, except as hereinafter stated.

"II. From said judgment both parties took an appeal to the Supreme Court, the defendants July 14, and claimant July 15, 1885.

"The case was tried and determined by the Supreme Court, and the following mandate was filed in the Court of Claims February 9, 1887:

"'United States of America:

"'The President of the United States of America to the honorable the judges of the Court of Claims, greeting:

"'Whereas lately in the Court of Claims, before you or some of you, in a cause between The Pacific Railroad, claimant, and The United States, defendant, No. 11,825, wherein the judgment of the said Court of Claims, entered in said cause on the 20th day of April, A.D. 1885, is in the following words: "The court on due consideration of the premises find for the claimant and do order, adjudge, and decree that the said Pacific Railroad do have and recover of and from the United States the sum of forty-four thousand eight hundred dollars and seventy-four cents ($44,800.74)," as by the inspection of the transcript of the record of the said Court of Claims (which was brought into the Supreme Court of the United States by virtue of an appeal taken by the United States and a cross-appeal taken by the Pacific Railroad agreeably to the act of Congress in such a case made and provided) fully and at large appears;

"'And whereas, in the present term of October, in the year of our Lord one thousand eight hundred and eighty-six, the same cause came on to be heard before the said Supreme Court, on the said transcript of record, on appeal and cross-appeal, and was argued by counsel:

"'On consideration whereof it is now here ordered and adjudged by this court that the judgment of the said Court of Claims in this cause be, and the same is hereby, reversed.

"'And it is further ordered that this cause be, and the same is hereby, remanded to the said Court of Claims with directions to enter a judgment for the full amount claimed by the Pacific Railroad Company for its services.'

"III. Thereupon, on February 19, 1887, the Court of Claims entered judgment anew in favor of the claimant for the sum of $130,196.98, according to said mandate.

"'On the 9th day of February, 1885, the claimant presented to the Secretary of the Treasury a copy of said judgment for the sum of $130,196.98, certified by the clerk of the Court of Claims and signed by the chief justice.

"IV. The principal sum of said last-named judgment has been paid under the act of 1888, Feb'y 1, c. 4, 25 Stat. 24, but the defendants refuse to pay any interest on either judgment.

*" Conclusion of law.*

"The court upon the foregoing findings of fact decide as a conclusion of law that the claimant is not entitled to recover and the petition is dismissed."

*Mr. James Coleman, Mr. A. T. Britton,* and *Mr. A. B. Browne* 1or appellant.

*Mr. Assistant Attorney General Dodge* and *Mr. Samuel A. Putnam* for appellees.

MR. JUSTICE SHIRAS delivered the opinion of the court.

As taking them out of the general rule excluding creditors of the government from recovering interest, the claimants

point to section 1090 of the Revised Statutes, which reads as follows: "In cases where the judgment appealed from is in favor of the claimant, and the same is affirmed by the Supreme Court, interest thereon at the rate of five per centum shall be allowed from the date of its presentation to the Secretary of the Treasury for payment as aforesaid, but no interest shall be allowed subsequent to the affirmance unless presented for payment to the Secretary of the Treasury as aforesaid."

As the claimants themselves appealed from the first judgment of the Court of Claims, and did not appeal from the second judgment, it is plain that they are not within the express terms of the statute they rely on. The first judgment was not affirmed, and the second judgment was not appealed from.

The contention that, inasmuch as the claimants brought the judgment of the court below into the Supreme Court for correction and there prevailed, they are within the fair meaning of the statute, is not without force; but we are relieved from its consideration by the conduct of the claimants in accepting payment of their judgment under the act of February 1, 1888, c. 4, 25 Stat. 4, 24, the terms of which were as follows: "To pay the judgment of the Court of Claims in favor of the Pacific Railroad eighty-five thousand three hundred and ninety-six dollars and twenty-four cents, being in addition to the sum of forty-four thousand eight hundred dollars and seventy-four cents, appropriated by the act approved August fourth, eighteen hundred and eighty-six, to pay a judgment in favor of said Pacific Railroad, *which two sums shall be in full satisfaction of the judgment* in favor of the Pacific Railroad reported to Congress in the House Executive Document number twenty-nine, Fiftieth Congress, first session."

In *Stewart* v. *Barnes*, 153 U. S. 456, this court held that when a person from whom an internal revenue tax had been illegally exacted, accepted from the government the precise amount of the sum thus illegally exacted, he thereby gave up his right to sue for interest as incidental damages; and the case of *Moore* v. *Fuller*, 2 Jones, (Law,) 205, was cited, wherein the Supreme Court of North Carolina said: "The general

principle is that when the principal subject of a claim is extinguished by the act of the plaintiff, or of the parties, all its incidents go with it. Thus, in an action of ejectment, if the plaintiff, pending the suit, takes possession of the premises, upon the plea of the defendant or upon its being shown, the plaintiff will be nonsuited. So, in an action of detinue, if the plaintiff takes possession of the property claimed, he can recover no damages, for they are consequential upon the recovery of the thing sued for. This is an action of debt on a bond to recover the interest, the principal having been paid by the defendant before the bringing of the action: by that payment, the bond was discharged, and by analogy to the cases referred to, the plaintiff cannot recover the interest, which is but an incident to the principal — the bond."

To the same effect is the case of *Tillotson* v. *Preston*, 3 Johns. 229, which was an action of assumpsit for money had and received. In addition to the general issue, there was a plea of payment of the sums mentioned in the declaration. To this plea of payment the plaintiff demurred specially, alleging for one ground of demurrer that the plea did not allege that the defendant had paid to the plaintiff the interest. The court said : " The demurrer is not well taken. If the plaintiff has accepted the principal, he cannot afterwards bring an action for the interest."

See, likewise, the case of *De Arnaud* v. *United States*, 151 U. S. 483, where it was held that the receipt by a claimant against the United States for a sum less than he had claimed, paid him by the disbursing agent of a department, " in full for the above account," is, in the absence of allegation and proof that it was given in ignorance of its purport, or in circumstances constituting duress, an acquittance in bar of any further demand — citing *Baker* v. *Nachtrieb*, 19 How. 126, and *United States* v. *Childs*, 12 Wall. 232.

The judgment of the court below, dismissing the plaintiff's petition, is

*Affirmed.*