## HAMMOND v. CARTHAGE SULPHITE PULP & PAPER CO.

## UNITED STATES MORTGAGE & TRUST CO. v. CARTHAGE SULPHITE PULP & PAPER CO. et al.

District Court, N. D. New York. October 26, 1928.

Nos. 456, 485.

See, also, 34 F.(2d) 155.

Oliver D. Burden, U. S. Atty., and B. Fitch Tompkins, Asst. U. S. Atty., both of Syracuse, N. Y., for the United States.

Purcell, Cullen & Pitcher, of Watertown, N. Y. (Francis E. Cullen, of Watertown, N. Y., of counsel), for receiver.

Patterson, Eagle, Greenough & Day, of New York City (Carroll G. Walter, of New York City, of counsel), for U. S. Mortgage & Trust Co.

BRYANT, District Judge. This is an application for an order directing the receiver of the Carthage Sulphite Pulp & Paper Company to pay the United States Mortgage & Trust Company a certain amount as interest.

Under a general creditor's bill Charles E. Norris was appointed receiver for the affairs of the Carthage Company. Later the mortgage company by authorized action foreclosed a mortgage given by the Carthage Company. Subsequent to the appointment of the receiver, and prior to the sale in foreclosure, the mortgage company paid taxes amounting to $27,536.27. The decree in foreclosure directed these taxes to be paid from the proceeds of the sale. The Circuit

158

Court of Appeals [8 F.(2d) 35] modified the decree by directing that the receiver should reimburse the mortgage company for the taxes of 1924, the $27,536.27, out of whatever funds he may ultimately have to pay receivership charges. Thereafter and on June 30, 1925, this court made its decree on the mandate of the Circuit Court of Appeals directing the receiver to reimburse said mortgage company for the amount of such taxes out of whatever funds he may ultimately have to pay receivership charges. This decree was filed July 13, 1925. The amount was not paid, the receiver having received notice that the United States claimed a lien on the receivership funds for taxes. On November 21, 1925, the court entertained a motion made by the mortgage company for an order directing the receiver to pay the above amount, and the order was granted March 13, 1926, and filed on or about March 15, 1926. This order, in addition to directing payment, also directed the United States to file on or before April 15th a detailed statement of its claim, if any, with the receiver. Payment, at the suggestion of the judge and because the receiver desired to wait until the expiration of the time for the review of the order, was withheld until September 22, 1926. At the time of payment the mortgage company called attention to the interest, virtually demanded it, and the receiver declined to pay unless ordered by the court. This application is now made for an order directing the receiver to pay $1,312.56, the amount it is claimed the money actually earned as interest from July 13, 1925, the date of filing the decree on mandate, to September 22, 1926, the date of payment.

The request for interest is not based upon contract or order of the court. It is based upon the equitable principle that the amount in the hands of the receiver from the date of the decree to the date of payment presumably earned as interest the sum demanded, and that the receiver should not be enriched by the withholding of payment. This equitable demand, if recognizable by the court, must be based upon some legal principle. The claim of the mortgage company does not rest in a contract, express or implied, calling for interest; neither does it rest upon the order of the court, for the order directing payment, dated long after the date interest is claimed, makes no provision for its payment. If allowed at all, it must be allowed under the legal principle of damages for withholding.

The facts do not warrant the conclusion that the receiver acted other than any prudent business man would have acted under the circumstances. He could not safely comply with the decree until he knew there were no prior liens on the funds. The court nowhere ordered the payment of interest, and the acts of the receiver do not warrant its imposition as penalty. Moreover the mortgage company, when it accepted the principal, even though at the time of acceptance it protested against nonpayment of interest and demanded its payment, lost its right to recover interest even in a court of equity. Interest, except in cases where there is a contract to pay it, does not constitute a debt capable of a distinct claim. It is incidental to the principal and can only be recovered with it. In such cases, the acceptance of the principal, even under protest, without a separate agreement for the payment of interest, extinguishes the claim and bars a claim for its payment. Cutter v. N. Y., 92 N. Y. 166; Stewart v. Barnes, 153 U. S. 456, 14 S. Ct. 849, 38 L. Ed. 781.

The motion is therefore denied.