**COLGATE–PALMOLIVE–PEET CO. v.**
**UNITED STATES.**
No. L–151.

Court of Claims.
May 2, 1932.

ing September 30, 1918. The defendant sets up two defenses: First that all the interest due the plaintiff under the law has been paid; second (in a supplemental brief), that the action is barred by the statute of limitations. Under the first defense the case turns entirely upon the question of whether a certain auditors' report upon plaintiff's taxes for said year, which was presented to the Commissioner of Internal Revenue by the taxpayer on September 15, 1920, is to be treated as an informal claim for refund and interest allowed from six months after the date of filing such claim; or whether, on the other hand, no claim for refund, either formal or informal, was filed until December 20, 1922, when, through a further report of said auditors, it was stated to the Commissioner that the taxpayer was entitled to a refund. The Commissioner held that no refund claim was filed until the date last-named above, and, following the applicable provisions of the Revenue Act of 1921, allowed interest beginning with a date six months after the claim under his decision had been filed. The plaintiff claims that interest should have been allowed after six months from September 15, 1920.

We are of the opinion that the Commissioner was right. The first report made by the auditors and which, as recited above, was presented to the Commissioner of Internal Revenue was evidently made for the purpose of showing how the tax should be computed. It is true that this report showed that the taxpayer had largely overpaid its taxes, and that it was presented to the Commissioner for the purpose of correcting what the taxpayer claimed to be an error. But it was not addressed to the Commissioner. It was addressed to the taxpayer and presented to the taxpayer for such use as the taxpayer might see fit. It did not purport to be a claim for refund, and made no mention of such a claim. Moreover, as we have found, the Commissioner never recognized it as a claim for refund. He may have made use of this report in preparing the certificate of overassessment together with the second report filed, as shown above, December 20, 1922, in which there was a claim that plaintiff was entitled to a refund. But conceding that the Commissioner made such use of the first report, this fact would not make it a claim for a refund. Nor does the fact that reference was made thereafter in the correspondence between the parties to the first report as "our claim" by the taxpayer and "your claim" by the Commissioner make it a

Henry J. Richardson, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

This is a suit to recover $23,949.07 alleged to be due as additional interest upon a refund paid to plaintiff of income and profits taxes collected for the fiscal year end-

claim for a refund. The report did set out a "claim," but it was a claim for certain deductions and allowances to be made in the computation of the tax, and the word "claim" was evidently used in that sense. The claim for refund was first made in the second report, and interest was allowed and paid from six months after the date of its presentation. There is therefore nothing more due the plaintiff.

Plaintiff seems to rely on the case of McKenney v. United States, 49 F.(2d) 667, 670, 72 Ct. Cl. 195. In that case it appears that the Commissioner had allowed a refund, and that the only basis for the allowance thereof was a certain document which the plaintiff in the case contended amounted to an informal claim for refund. Under the facts and circumstances presented to the court, the plaintiff's contention was sustained, but we think the decision has no application to the case at bar. In that case the action of the Commissioner of Internal Revenue was held in effect to recognize the document or instrument as a claim for refund and this constituted an important feature of the case. The court held with reference to this document that "his [the Commissioner's] only authority for allowing and paying the refund was the claim filed by the partnership." In the instant case the Commissioner did not make his decision approving a schedule of overassessment with reference to the taxes in controversy from which resulted the refund subsequently paid to plaintiff, and upon which additional interest is now sought to be recovered, until after the second report making a claim for refund had been filed. In fact he never recognized the first auditors' report as a claim for refund.

■ It is argued that the second auditors' report, which was duly sworn to by authorized attorneys and included all the requirements for a claim for refund, should be considered as an amendment to the first report made by the auditors which is referred to in argument as an informal claim for a refund, but the original statement of the auditors possessed none of the requirements for a refund either formal or informal. While it was filed in the Commissioner's office, it was not even addressed to the Commissioner or the defendant, and it was not sworn to. As we have shown above, there was nothing about it that was in the nature of a claim for refund, and, therefore, the second auditors' statement which did contain the claim for refund cannot be considered as an amendment thereof.

Nor do we think the opinion in Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018, sustains plaintiff's contention. In that case, also, the Commissioner held that a communication from the taxpayer constituted an informal claim for refund, and the court said, in substance, that such a ruling in favor of the taxpayer was entitled to much weight. The facts in that case and the law applicable thereto made it necessary for the taxpayer to file a waiver before it could commence suit, and the Supreme Court called attention to this fact, but this has no application to the time within which plaintiff in the case at bar was required to begin its action.

We are also of the opinion that the second defense must be sustained.

All questions relative to the interest to which plaintiff is entitled are controlled by section 1324 (a) of the Revenue Act of 1921 (42 Stat. 316). The portion of this section upon which the question next to be considered turns reads as follows: "Sec. 1324. (a) That upon the allowance of a claim for the refund of or credit for internal revenue taxes paid, interest shall be allowed and paid * * * from six months after the date of filing of such claim for refund or credit."

■ It will be observed that under this provision interest is not paid, except upon the allowance of a claim for refund, and, when the refund is allowed, then interest is paid from six months after the date of filing such claim for refund or credit. Both parties agree that a claim for refund was allowed. We think it clear under the statute that, whenever the claim for refund was allowed, the statute of limitations began to run. The findings show that on March 15, 1924, the Commissioner of Internal Revenue approved a schedule of overassessments in favor of the plaintiff, which was on March 28, 1924, signed and returned to the Commissioner by the collector of internal revenue with a schedule of refunds and credits showing a balance of $106,455.01 refundable. On April 24 the Commissioner authorized the clerk of the Treasury Department to issue a check for the amount so found to be refundable, and on May 15, 1924, the certificate of overassessment and a Treasury check dated May 12, 1924, for the amount found to be refundable, $106,455.01, were mailed to the plaintiff.

It should be kept in mind that plaintiff's case is based upon the provisions of the 1921 act, and under this statute an action to recover interest can only be maintained upon

"the allowance of a claim" for a refund or credit. There is therefore no basis for plaintiff's suit unless a claim for a refund was allowed. Counsel for plaintiff concede that a claim was allowed, a concession which must be made if the suit is to be maintained. It is contended on behalf of the defendant that the claim was allowed on April 24, 1924, when the Commissioner of Internal Revenue signed the schedule of overassessments, approved the collector's action pursuant to directions appearing thereon, and authorized the disbursing clerk of the Treasury to issue a warrant for the amount so determined to be refundable. We think this position is sound, and that plaintiff's cause of action arose when the refund was allowed. This suit was not commenced until April 28, 1930. Not being commenced within six years from the time the cause of action accrued, the plaintiff's right to recover is barred under the general statute of limitations.

Counsel for plaintiff refer in their printed brief to two letters which it is said the Commissioner wrote the plaintiff. Based upon the statements contained in one of them, it is contended that the certification of overpayment made on April 24, 1924, did not in fact relate to any claim, and that the claim was not in fact allowed until the certificate of overassessment and check in payment of the refund were delivered to plaintiff on May 16, 1924. The contents of these letters are not referred to in the findings made by the Commissioner of this court which were accepted by the plaintiff, and the letters do not appear to have been introduced in evidence. In any event, we think the Commissioner's action on April 24, 1924, as shown by the findings and set out above, amounted to an allowance of the claim which had been previously made. In United States v. Magnolia Petroleum Company, 276 U. S. 160, 48 S. Ct. 236, 237, 72 L. Ed. 509, the Supreme Court said: "The date of 'allowance' was October 11, 1923, when the Commissioner approved the refunds. Girard Trust Co. v. United States, 270 U. S. 163, 169, 46 S. Ct. 229, 70 L. Ed. 524. Under section 1324 (a), 'upon the allowance' of the refunds, respondent became entitled to interest according to the rule then in force. Cf. Blair v. Birkenstock, 271 U. S. 348, 350, 46 S. Ct. 506, 70 L. Ed. 983. Computation and payment were all that remained to be done."

It is true that plaintiff had no knowledge of this allowance until nearly a month later, but the period of the statute of limita-tions cannot be adjusted to meet every small variation in the circumstances to which it applies. In this case, after receiving the check for refund and being fully advised in the matter, the plaintiff had five years and eleven months in which to bring suit.

For the reasons above stated, the petition of the plaintiff must be dismissed, and it is so ordered.