### FARRACY v. SECURITY NAT. BANK OF DALLAS et al.

#### No. 2833.

Court of Civil Appeals of Texas. El Paso.
June 1, 1933.

Rehearing Denied June 8, 1933.

John Davis, of Dallas, for appellant.

Mark L. Vickrey, of Dallas, for appellees.

PELPHREY, Chief Justice.

On May 2, 1921, L. H. Lewis, president of L. H. Lewis Company, was indebted to Security National Bank of Dallas, in the sum of $35,000, and J. H. Webb, secretary of L. H. Lewis Company, was indebted to it in the sum of $14,000. The bank held the notes of Lewis and Webb for the amounts. On that date Lewis executed to the bank four notes of L. H. Lewis Company to pay off the notes of himself and Webb. The notes were: One for $9,000, due June 1, 1921; one for $10,000, due July 1, 1921; one for $10,000, due August 1, 1921; and one for $20,000, due August 1, 1921.

The first two were paid by L. H. Lewis Company to the Security National Bank of Dallas, and the third was paid to Southwest National Bank of Dallas by the company, that bank having taken over the business of the Security National Bank.

In the early part of 1923, the L. H. Lewis Company was adjudged a bankrupt, and about March 13, 1923, Harry D. Farracy was elected trustee in bankruptcy. Thereafter the Southwest National Bank of Dallas filed with the referee in bankruptcy a claim on the $20,000 note held by it.

The trustee in bankruptcy paid the following dividends on said claim: $6,000 on April 25, 1923; $5,000 on May 25, 1923; and $3,000 on August 1, 1923.

On May 27, 1927, the trustee filed suit in the district court of Dallas county against the Security National Bank and the South-

west National Bank to recover the sum of $43,000, alleged to be the total of the amounts paid by L. H. Lewis Company on the first three notes and the $14,000 paid by him on the $20,000 note.

The cause was tried to the court and judgment rendered that the trustee take nothing. This judgment was reversed and rendered in favor of the trustee for the sum of $29,000, against the Security National Bank, and affirmed as to the Southwest National Bank by the Court of Civil Appeals. 4 S.W.(2d) 331. A writ of error was granted by the Supreme Court and the judgment reversed and judgment rendered for the trustee against both banks. 29 S.W.(2d) 1073. In rendering judgment the Supreme Court awarded the trustee a recovery of the sum of $43,000, and interest thereon at 6 per cent. from the 27th day of May, 1927, the date the suit was filed. This suit was later filed by the trustee seeking to recover the following sums paid as interest: $793.33 paid by L. H. Lewis Company to the Security National Bank on May 2, 1921, on the notes aggregating $49,000; $2,201.22 paid by L. H. Lewis Company to the two banks on the $20,000 note from August 1, 1921, to date of bankruptcy, March, 1923; $10,150 paid on the $29,000 paid by L. H. Lewis Company from January 1, 1922, to May 27, 1927; and $3,220 paid by the trustee on the $14,000 paid by him on the $20,000 note, from January 1st, 1924, to May 27, 1927.

Appellees answered by general and special demurrers and special pleas and a general denial. Their pleading raised the questions of limitation, res adjudicata, estoppel, waiver and offset.

Upon a trial before the court judgment was rendered that appellant take nothing. This appeal has been perfected from such judgment.

The following conclusions of law were filed by the trial court:

"I. Interest recoverable by the plaintiff on the payments aggregating $43,000.00, if any, due thereon from the date of payment to the date of judgment would have been recovered only as damages for the detention of such sums of money, and not as interest eo nomine and that the right to recover such is and was a right incident to the recovery of the principal sum, and that the plaintiff by prosecuting the claim on the principal sum to judgment having thereby destroyed any right to maintain an action for such principal debt, the plaintiff's right to recover such interest has been lost to him."

"II. That the interest sued for herein by the plaintiff on the $43,000.00 paid was a part of the plaintiff's cause of action which was asserted, or properly should have been asserted in the prior suit filed by the plaintiff on such cause of action, and the plaintiff in such prior suit not having demanded the entire relief to which he might have been entitled, and

having split his cause of action and secured a recovery on part of such cause, is now in law estopped to complain or sue for any balance or part of the cause of action not litigated in such prior suit."

"III. That the plaintiff in such prior suit having plead facts which would have entitled him to have received the interest on the $43,-000.00 payments made, and a final judgment having been entered in such cause denying to the plaintiff any such interest such judgment adjudicated adversely to the plaintiff such claim for interest as is asserted herein, and the same is now res adjudicata of such claim."

"IV. That the plaintiff, having prosecuted his cause of action for his principal debt to judgment, without demanding interest thereon, has waived any claim for interest which he might have had on such principal debt."

"V. That this plaintiff's original action consisted of the right to recover all sums which had been paid to the banks by the plaintiff and the cancellation of any balance remaining due on the notes executed by the corporation to the defendant banks. That the plaintiff's claim based on the payment of the items aggregating the $2873.89 as interest on such notes was a part of the plaintiff's said original cause of action, and the plaintiff having prosecuted his said cause of action to judgment in said prior suit is now estopped in law to sue for or seek recovery of the said $2873.89, such being a part of such cause of action."

"VI. That the plaintiff's cause of action, if any he ever had, is barred by both the two years and the four years statutes of limitation of the state of Texas."

"VII. That the plaintiff, having failed to establish by the preponderance of evidence the payment to the banks of the items aggregating $2873.89, by the corporation or out of its assets, he would in no event be entitled to recover such sum."

In the discussion of the correctness of the judgment complained of, there arises the question of whether the amounts sought to be recovered are recoverable as interest eo nomine or as damages. The trial court concluded that they would be recoverable only as damages, and that appellant's failure to sue for them in his original suit precluded him from later recovering them in another suit.

Appellant contends that the definition of "interest" appearing in article 5069, R. S., includes the amounts sought to be recovered here, and that, therefore, the suit was one to recover interest eo nomine. That part of the statute material to the question, reads: "Interest is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money; 'legal interest' is that interest which is allow-

ed by law when the parties to a contract have not agreed upon any particular rate of interest; and "conventional interest" is that interest which is agreed upon and fixed by the parties to a written contract not to exceed ten per cent per annum."

Appellant's argument is that by the use of the word "detention" in the statute it became broad enough to include the amounts here sued for. He refers us, in support of this argument, to the case of Parks v. Lubbock, 92 Tex. 635, 51 S. W. 322, 323, and to the definition of the word "detention." 18 C. J. 983.

In Parks v. Lubbock the court had under consideration a contract calling for 6 per cent. interest and 12 per cent. additional, if either principal or interest remained unpaid ten days after due. The court, after quoting the statutory definition of "interest," had the following to say: "According to this article, as we analyze it, the use of money referred to is that which is contracted for when a loan is made. The forbearance occurs when there is a debt due or to become due, and the parties agree to extend the time of its payment. The detention of money arises in a case when a debt has become due, and the debtor withholds its payment, without a new contract giving him a right to do so. It follows, therefore, that what would have been deemed a penalty under the rule of the common law is made interest under our statute; and, if the rate agreed upon for the detention of the money after the maturity of the debt exceed the 10 per cent. per annum, the contract is usurious, and is void as to the interest."

It thus clearly appears that the decision would have no application to the facts here.

In Commercial Bank v. Jones, 18 Tex. 811, where an agent received money from his principal, deposited it in a bank in his own name with knowledge on the bank's part that the money belonged to the principal and was only being deposited in the agent's name to be there held until he received instructions as to its disposition, and where the bank permitted the agent to withdraw the money and apply it to his own use, the court held the bank liable for conversion of the money and allowed the principal to recover interest thereon as damages for the conversion.

The Supreme Court, in its discussion of the court's charge, said: "In cases like the present, the true measure of damages appears to be interest upon the money from the time of conversion. * * * On principle the plaintiff is entitled to his damages as well for the tortious conversion of money as property;

and as legal interest is the only rule by which to measure the damages, it is not perceived that there can be error in instructing the jury to allow interest."

In Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 378, 33 L. R. A. 163, the Supreme Court, in passing upon a question of its jurisdiction in a case in which a judgment for damages in the sum of $1,166.07 had been rendered for wrongfully attaching property and in discussing the question of whether the amount in excess of $1,000 had been allowed as interest or damages, said: "Our statutes make no provision for allowing interest in actions of this character, but it belongs to a class of cases in which interest upon the amount of the pecuniary loss inflicted by the injury is allowed as a part of the damages. It is clear that, in a suit for the conversion of a specific sum of money, a recovery of that sum, without an allowance for the use of the money, would not adequately compensate the loss. The rate of interest established by law, being a fixed standard of the value of the use of money, is adopted by the court as the measure of that damage in such a case."

We therefore conclude that the trial court was correct in the holding that appellant here was entitled to collect the interest here sued for as damages and not as interest eo nomine.

█ The amounts here sued for being recoverable as damages for the conversion of the money, their recovery was incidental to the action for the principal amount, 17 C. J. 814; Stewart v. Barnes, 153 U. S. 456, 14 S. Ct. 849, 38 L. Ed. 781, and can only be recovered with the principal by action.

█ Appellant seeks to evade the effect of the above rule by showing that the judgment for the principal amount has not been paid in full.

We cannot agree with this contention. If the interest here claimed was recoverable only as damages, then, under the rule above announced, he should not be permitted to split his cause of action, and the fact that the judgment in his favor in the original suit has not been paid would not alter the rights of the parties.

Having reached the conclusion that, appellant having failed to recover the damages incident to the conversion of the principal amount in his original suit, he cannot now maintain a suit for their recovery, it will be unnecessary to discuss the other questions presented.

The judgment of the trial court is therefore affirmed.