## UNITED STATES v. STEINBERG et al.

District Court, S. D. New York.
June 23, 1939.

John T. Cahill, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Charles Eno, of New York City, for defendant Charles J. Steinberg.

McCormick & Eckel, of New York City (Andrew Eckel, of New York City, of counsel), for defendant Continental Casualty Co.

GALSTON, District Judge.

The complaint discloses that the Commissioner of Internal Revenue on January 7, 1928, assessed against the defendant, Charles J. Steinberg, a tax penalty and interest on account of income taxes in the sum of $1,435,843.90; that on or about June 4, 1929, Steinberg submitted an offer in compromise of his liability under the various assessments including penalty and interest for the calendar years 1920, 1921, 1922 and 1923, and paid to the acting Collector of Internal Revenue for the Second District of New York the sum of $2500, and sought likewise by that offer to compromise the aforesaid assessment of $1,435,843.90; that on March 18, 1931, Steinberg amended his offer by submitting to the Commissioner of Internal Revenue a bond in the amount of $7500, executed by himself as principal, and the defendant, Continental Casualty Company, as surety. The complaint further recites that this bond was so conditioned that if the defendant Steinberg should make eighteen consecutive monthly payments of $416.78 on April 1, 1931, and $416.66 each on the first of every month thereafter, then the obligation of the bond was to be null and void. It is further alleged that the aforesaid offer in compromise was duly accepted.

Thereafter it is alleged Steinberg paid to the Collector of Internal Revenue between the dates of October 7, 1931, and April 24, 1933, the sum of $3,333.40. The plaintiff therefore demands judgment against the defendants in the sum of $7,500. together with interest from the first day of April 1931.

It appears that after the institution of this action on January 17, 1934, the defendant Steinberg failed to answer, but the time to answer of the Continental Casualty Company, the other defendant, was extended by stipulations to and including August 10, 1936, during which time further payments were made to reduce the unpaid amount to $616.66, as of January 22, 1936.

It is contended by the plaintiff that it is entitled to interest on the respective instalment payments made from the dates when they fell due under the bond. The defendant Steinberg having failed to answer, as has been indicated, plaintiff moved to sever the action against him and entered judgment by default against him on October 4, 1937. Steinberg then moved to vacate the judgment on the ground that the judgment included an award of interest for delays in

the payment of the instalments and on the ground that by accepting the principal the plaintiff lost any right to interest. The District Court overruled the objection and entered judgment on October 4, 1937, for the full amount. Upon appeal the Circuit Court of Appeals, 100 F.2d 124, 405, reversed the judgment stating that the general rule is that the payment of principal forfeits interest unless the obligor has expressly promised to pay, citing Stewart v. Barnes, 153 U.S. 456, 14 S.Ct. 849, 38 L.Ed. 781; Pacific Railroad Co. v. United States, 158 U.S. 118, 15 S.Ct. 766, 39 L.Ed. 918; Rice v. Eisner, 2 Cir., 16 F.2d 358.

The court, though, recognized that the bond here in suit was given to compromise taxes and that when, as here, the statute itself awards interest the obligee may accept the principal and then sue for interest. The Court of Appeals said [100 F.2d 126]:

"But we do not think that the original nature of the duty compromised pervaded the bond, or colored the resulting rights and duties. The very purpose of the settlement was to release the taxes and to substitute the bond in their place. Whatever were the usual incidents of the substitute, the obligee accepted them unless it stipulated otherwise. * * *

"Nothing remains, therefore, so far as we can see, but the question whether the United States is bound by its acceptance of the installments like an individual. * * * But, as we have said, there was no promise to pay interest; the law forfeited it, ex proprio vigore, because of the acceptance of the principal, and quite independently of the obligee's consent, or even of its knowledge of that consequence. That being true, acceptance of payment by any official of the United States having authority so to accept, imposed upon it the same results as though he had been the agent of an individual. Cooke v. United States, 91 U.S. 389, 398, 23 L.Ed. 237; Lynch v. United States, 292 U.S. 571, 579, 54 S.Ct. 840, 78 L.Ed. 1434; Perry v. United States, 294 U.S. 330, 351, 352, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335."

Subsequent to the filing of the opinion by the Circuit Court of Appeals a motion was made by the plaintiff to modify the mandate and remand the cause to the District Court, for the Circuit Court of Appeals had directed that the judgment be confined to $616.66 with interest thereon from the date when it was due. Plaintiff having objected to a summary judgment it was held, as a matter of practice, that the plaintiff was entitled to require the defendant to file an answer. In the opinion modifying the mandate, 100 F.2d 405, the court wrote: "The plaintiff has apparently misunderstood our opinion. We did not hold that the Commissioner had 'waived' interest, if by 'waiver' is meant any conscious surrender;' but we did hold that the acceptance of the principal, certainly when made without reservation, forfeited any right to interest. Thus the only 'factual support' necessary to the supposititious 'waiver' was that the parties understood that the payments were applicable to the installments and that the right to interest was not reserved at the time of their acceptance. So much alone, so far as we can now see, will be debatable in the district court."

■ It would seem, therefore, that the only remaining question for this court to determine is whether the proof establishes the proposition that when the instalments were paid, the right to interest was reserved at the times of their acceptance. The burden of proof as to this issue was certainly on the plaintiff. The record is barren of any such proof and though perhaps the defendants could well have rested at the conclusion of the plaintiff's case, they did offer proof which would indicate that there was no such reservation intended. The Treasury Department, after the action had been started, acknowledged the receipt of the instalment check of $416.66 and stated that it was advising the United States Attorney's office "that there is no objection on the part of this office to a further stipulation extending the time for filing an answer until March 7, 1935"; on January 18, 1935, the Treasury Department, acting through the same official, recites: "The Collector advises that the amount of offer in compromise was $10,000. and that payments have been made as follows"; there is then listed sums totaling $8,750.02, and the letter concludes "thus it appears that there is still a balance due of $1,249.98" which two sums make up, of course, the compromise sum of $10,000; again on October 9, 1935, a further sum having been paid since the last letter of January 18, 1935, the Treasury Department reports a balance of the $10,000 as of $833.32; and on December 17, 1936, the Treasury Department writes that the balance of the

**330**

offer in compromise is $616.66, "together with interest due thereon from the date that demand was made on you for payment of the amount due, which date appears to have been April 24, 1933," and a final letter of July 13, 1934, makes substantially the same statement.

It must be concluded, therefore, that the plaintiff has not sustained its burden of proof with respect to the factual issue left to be determined by the Circuit Court of Appeals in the opinion modifying its mandate. 100 F.2d 405. Accordingly judgment must be confined to $616.66 with interest thereon from the date when it was due. Judgment is so directed.

The defendant, Continental Casualty Company, is entitled to judgment over against the defendant Steinberg in accordance with its counterclaim.