## In re GOLDEN GATE TURF CLUB.

### No. 33558.

District Court, N. D. California, Southern Division.

March 31, 1942.

Chalmers Graham, Keyes &. Erskine, J. Benton Tulley, and Arthur P. Shapro, all of San Francisco, Cal., for Debtor.

John D. Costello and Young, Hudson & Rabinowitz, all of San Francisco, Cal., for Unsecured Creditors.

Fitzgerald, Abbott & Beardsley, of Oakland, Cal., for Certain Lien Claimants.

Sterling Carr and Louis Glicksberg, both of San Francisco, Cal., for Bruce D. Ellis, Trustee.

ST. SURE, District Judge.

Petition for reclamation of personal property sold under conditional sales contract on September 23, 1940. The purchase price was $12,075 and $3018.75 was paid by the vendee on the date of the contract, the balance to be paid in three installments. On February 7, 1941, the vendee filed its petition in bankruptcy. Subsequently, the trustee appointed by the court, sold the personal property in question, and paid the vendor the contract price in full. Petitioner seeks interest on the payments due on January 15, 1941, February 1, 1941 and February 15, 1941, said interest to run from the due date of each payment until payment was made by the trustee. The petitioner also seeks attorney's fees in the sum of $350. There was no provision in the conditional sales contract for the payment of interest in the event of default on the payments, but there was a provision for the payment of reasonable attorney's fees in the event suit had to be brought to enforce the obligation or repossess the property.

■ 1. I am of the opinion that petitioner is not entitled to recover on its claim for interest. 39 A.L.R. 457; Stewart v. Barnes, 153 U.S. 456, 14 S.Ct. 849, 38 L. Ed. 781; American Iron & Steel Mfg. Co. v. Seaboard Air Line R. Co., 233 U.S. 261,

34 S.Ct. 502, 58 L.Ed. 949; Thomas v. Western Car Co., 149 U.S. 95, 13 S.Ct. 824, 37 L.Ed. 663; 15 R.C.L. title "Interest" § 11; Pacific R. Co. v. United States, 158 U.S. 118, 15 S.Ct. 766, 39 L.Ed. 918; National Bank v. Mechanics' Nat. Bank, 94 U.S. 437, 24 L.Ed. 176; Re John Osborn's Sons & Co., 2 Cir., 177 F. 184, 29 L.R.A.,N.S., 887; Bassick Gold Mine Co. v. Beardsley, 49 Colo. 275, 112 P. 770, 33 L.R.A.,N.S., 852.

2. I am also of the opinion that petitioner is entitled to recover a reasonable attorney's fee as provided in the contract; and that the sum of $350 is reasonable and should be allowed. In re American Motor Products Corp., 2 Cir., 98 F.2d 774.

It is so ordered.