**MURPHY et al. v. UNITED STATES.**

No. 6047.

District Court, S. D. California, C. D.

May 28, 1948.

Claude I. Parker, Ralph W. Smith, John Moore Robinson and Robert M. Himrod, all of Los Angeles, Cal., for plaintiffs.

James M. Carter, U. S. Atty., E. H. Mitchell and George M. Bryant Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

MATHES, District Judge.

Plaintiff executrix sues to recover interest on an alleged overpayment of federal estate tax, [I.R.C. § 3771(a), 26 U.S.C.A. Int.Rev.Code, § 3771(a).] Jurisdiction conferred upon this court by 28 U.S.C.A. § 41(20) is invoked.

There is no issue as to the facts, which are disclosed by the pleadings and pretrial stipulations to be as follows: Antoinette E. Murphy died June 16, 1938, a citizen of California and a resident of this district. On September 14, 1939, plaintiff executrix filed a verified estate tax return [Form 706], and paid to the Collector of Internal Revenue at Los Angeles the total estate tax of $90,325.54 shown to be payable according to the return.

On May 3, 1940, in anticipation of a deficiency assessment which had been orally predicted to her by an Internal Revenue agent, plaintiff delivered to the Los Angeles Collector, now deceased, the additional sum of $90,000.

On May 29, 1940, the agent last mentioned made written recommendation to the Internal Revenue agent in charge at Los Angeles that a deficiency of $55,237.23 be assessed against the estate. On June 19, 1940, the customary "30-day" letter [Form 1210] was sent to plaintiff informing her of the proposed deficiency assessment. On July 16, 1940, a "90-day" letter was sent advising plaintiff that a deficiency of $55,237.-23 had been determined against the estate.

Plaintiff then protested, and on October 10, 1940 filed with the Board of Tax Appeals [now the Tax Court] a petition for redetermination of the deficiency. The Commissioner thereafter filed his answer joining issue with the petition. On August 8, 1941, plaintiff and the Commissioner reached a settlement by which it was agreed that there then existed a net deficiency of $28,236.37 in the amount of tax shown on plaintiff's return.

On October 3, 1941, the Commissioner formally assessed the agreed net deficiency in the sum of $28,236.37 tax, plus interest amounting to $1,067.18 for the period from February 16, 1939 to May 3, 1940, the date on which plaintiff delivered the additional $90,000 to the Collector. On September 3, 1942, the Commissioner remitted to plaintiff $60,696.45, being the principal balance of the aforementioned $90,000 remaining after the agreed deficiency had been satisfied therefrom.

Almost a year later, on August 7, 1943, plaintiff and the Commissioner filed in the proceeding then pending before the Tax Court [formerly the Board of Tax Appeals] a stipulation to the effect that no deficiency then existed and that the Tax Court might decide accordingly. On August 21, 1943, the Tax Court entered an order pursuant to the stipulation whereby it was "ordered and decided: That there is no deficiency in estate tax."

On March 20, 1944 plaintiff filed a claim with the Commissioner for $9,757.49, being interest at 6% from May 3, 1940 to September 3, 1942 on the $60,696.45 returned to plaintiff on the latter date by the Collector. This claim was formally disallowed by the Commissioner on December 13, 1944.

On December 3, 1946 plaintiff commenced this action to recover the interest claimed. Defendant answered the complaint, and at the pre-trial presented motions for summary judgment, for judgment on the pleadings, and for dismissal with prejudice, upon the following grounds:

First: that this court lacks jurisdiction of the subject matter of the action because no claim for refund was filed within the three-year period following the alleged overpayment, [I.R.C. §§ 3772(a) (1) and 910, 26 U.S.C.A.Int.Rev.Code, §§ 3772(a) (1), 910];

Second: that this court lacks jurisdiction of the subject matter of the action by reason of plaintiff's election to proceed before the Tax Court [I.R.C. §§ 911 and 912, 26 U.S.C.A.Int.Rev.Code, §§ 911, 912]; and

Third: that both the question of "overpayment" and that of liability for interest became res judicata upon final decision in the Tax Court.

The complaint asserts a claim which exceeds the $3,000 jurisdictional minimum and "arises under the * * * laws of the United States". [28 U.S.C.A. § 41(1).] Hence this court has jurisdiction of the subject matter of the action. [Bell v. Hood, 1946, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L. Ed. 939; Id., S.D.Cal., 1947, 71 F.Supp. 813, 816.]

The manifest purpose of the requirement that a claim be filed as a condition precedent to suit is to afford the Commissioner opportunity to make administrative settlement prior to resort to the courts, I.R.C. §§ 910, 3772(a) (1). Since interest is but an incident to a repayment of principal [Stewart v. Barnes, 1894, 153 U.S. 456, 462, 14 S.Ct. 849, 38 L.Ed. 781], the filing of a claim for interest should not be required in cases where a claim for refund of principal would not be necessary. In the case at bar, then, the claim as to principal [the tax liability] having been settled by agreement between the taxpayer and the Commissioner, it was not incumbent upon plaintiff to file a claim for interest within three years next following payment of the tax. [Girard Trust Co. v. United States, 1926, 270 U.S. 163, 46 S.Ct. 229, 70 L.Ed. 524; Colgate Palmolive-Peet Co. v. United States, 1932, 58 F.2d 499, 74 Ct.Cl. 562; McKenney v. United States, Ct.Cl. 1931, 49 F.2d 667; cf. Anderson v. United States, 1934, 6 F.Supp. 851, 79 Ct.Cl. 417; Philipsborn v. United States, 1931, 53 F.2d 133, 72 Ct.Cl. 545.]

Thus the general six-year period of limitations, 28 U.S.C.A. § 41(20), is applicable to this suit; and that period runs from the time the claim for interest was disallowed —when the refund of principal was made without interest on September 3, 1942. [Colgate Palmolive Peet Co. v. United States, supra, 58 F.2d 499, 74 Ct.Cl. 562.]

The remaining grounds of the motions necessarily challenge the jurisdiction of this court over the person of the defendant. Specifically the question is whether the United States has consented to be sued in this court under the circumstances presented by the case at bar. [28 U.S.C.A. § 41 (20).]

It is settled that I.R.C. §§ 911 and 912 deprive both the Court of Claims and this court of jurisdiction in cases where the taxpayer elects to petition the Tax Court for a determination with respect to the same tax liability. [Elbert v. Johnson, 2 Cir., 1947, 164 F.2d 421; Moir v. United States, 1 Cir., 1945, 149 F.2d 455.]

The Tax Court adjudicates only with respect to the principal tax liability. [I.R.C. § 912.] The right of a taxpayer to recover interest is not considered by that court. [Estate of Macauley, 1944, 3 T.C. 350.]

The suit at bar is not one "for the recovery of any part of such tax" within the meaning of I.R.C. § 911. This court is here asked to determine, as a matter of law, whether on the facts stated there was an "overpayment" within the meaning of I.R.C. § 3771(a), assuming the tax liability to be as adjudicated by the Tax Court pursuant to stipulation. If there was such an "overpayment," the Government has consented to be sued for interest thereon. [I.R.C. § 3771(a).]

Since a suit for interest does not fall within the jurisdiction of the Tax Court, the taxpayer had no election other than to present his claim either to this court, or to the Court of Claims. The Government has consented to be sued on claims such as this in either the Court of Claims or this court. [28 U.S.C.A. § 41(20).] I.R.C. §§ 911 and 912 do not apply to withdraw that jurisdiction under the circumstances at bar, even if it be assumed that the issue as to "overpayment" and the taxpayer's consequent right to interest became res judicata upon final judgment in the Tax Court, as. defendant contends.

The issue as to "overpayment" of tax within the meaning of I.R.C. § 3771(a) did not, however, become res judicata as a result of the proceedings in the Tax Court. True, the principles of res judicata applies to decisions of the Tax Court. A final judgment of that tribunal binds the parties and their privies as to all matters of

fact which were or could have been adjudicated therein, in cases where the suit is on the same cause or demand; and as to all matters of fact which were actually litigated and determined, in cases where the suit is on a different cause or demand. [Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715.]

As applied to questions of law, the principle of res judicata is of necessity more limited in scope. In order that an earlier determination be given res judicata effect, the question of law must have been litigated and decided in the prior proceeding, and the subsequent action must be on the same cause or demand or on a different cause of action arising out of "the same subject matter or transaction". [Restatement, Judgments, § 70.]

The suit at bar is on a "different cause or demand" from that in the Tax Court, since it does not involve the tax liability of the estate of Bernardine Murphy. Rather it is a suit for damages for the alleged retention of money due the plaintiff—interest. [Stewart v. Barnes, supra, 153 U.S. at page 464, 14 S.Ct. at page 852, 38 L.Ed. 781.] Moreover, the matter in issue at bar —whether or not there was an "overpayment in respect of any internal revenue tax" within the meaning of I.R.C. § 3771 (a)—was not actually litigated or decided in the Tax Court, though determination of that issue is within the jurisdiction of that court. [I.R.C. § 912.] The judgment of the Tax Court, entered pursuant to stipulation of the parties, embodied nothing more than an adjudication "that there is no deficiency."

Thus the principle enunciated in the Sunnen case, supra, [333 U.S. 591, 68 S.Ct. 719] that "Once a party has fought out a matter in litigation with another party, he cannot later renew that duel," is not applicable here. And the judgment of the Tax Court does not render res judicata this cause of action for the recovery of interest, involving as it does a determination of the question of law whether on the facts stated plaintiff made an "overpayment" of estate tax within the meaning of I.R.C. § 3771(a). [See Restatement, Judgments, § 70.]

Nor does the fact that the Commissioner violated the mandate of I.R.C. § 911, in making a payment to plaintiff prior to decision by the Tax Court, affect the liability of the Government for interest on an "overpayment."

There remains then for adjudication here the question of law—whether delivery by plaintiff to the Collector of $90,000 in anticipation of a possible assessment constituted an "overpayment in respect of any internal revenue tax" within the meaning of I.R.C. § 3771(a).

For obvious reasons, no remittance from a taxpayer can properly be considered an "overpayment" within the meaning of I.R.C. § 3771(a) unless the payment be made either (1) on account of the tax shown to be payable by the taxpayer's verified return, or (2) in response to an assessment by the Commissioner. [Rosenman v. United States, 1945, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535; Busser v. United States, 3 Cir., 1942, 130 F.2d 537.] Any other rule would render the Government liable for 6% interest on any amount a taxpayer might choose to remit to a Collector.

I.R.C. § 3770(c), 26 U.S.C.A.Int. Rev.Code, § 3770(c), added by the Current Tax Payment Act of 1943 in no way affects this conclusion. It is merely declaratory of existing law, and was enacted to clarify the situation created by certain judicial holdings to the effect that under no circumstances could an "overpayment" in excess of actual tax liability ever be made. The Congress intended by § 3770 (c) to assure that interest would be allowed a taxpayer who in good faith overpaid his tax liability, because of an erroneous return on the part of the taxpayer, or an erroneous assessment on the part of the Commissioner. [See Conference Report, U. S. Code Congr. Service, 78th Cong., 1st Session., p. 262.]

Inasmuch as the admitted facts disclose that any sum "alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws" has been refunded to the taxpayer, and there has been no "overpayment" within the meaning of I.R.C. § 3771(a) to warrant an allowance of interest, no claim has

been stated on which relief can be granted against the United States. The Government never having consented to be sued for interest on a deposit with a Collector, [28 U.S.C.A. § 41(20),] the action must be dismissed for want of jurisdiction over the person of the defendant.

Accordingly, it is ordered that defendant's motion for summary judgment be and is hereby granted, and that the remaining motions be placed off calendar.

Counsel for defendant will submit judgment of dismissal for want of jurisdiction over the person of the defendant—accompanied by findings of fact and conclusions of law, if so advised, see Rule 52(a) Federal Rules of Civil Procedure, as amended March 19, 1948, 28 U.S.C.A. following section 723c—pursuant to local rule 7 within 10 days.